# Smith *v.* Pearce.

*Statutory Action in nature of Ejectment.*

1. *Alienation of homestead; subsequent acknowledgment by wife.*—A conveyance of the homestead by the husband alone, or by husband and wife jointly, without the assent and signature of the wife shown by her acknowledgment in substantial compliance with statutory requirements, is a nullity; and a subsequent acknowledgment by the wife, supplying the defects of the first, can not operate retrospectively, to the prejudice of persons who have acquired intervening rights, growing out of the abandonment of the premises as a homestead.

2. *Sale, or agreement to sell, as abandonment of homestead.*—A verbal agreement by the husband to sell the homestead, receiving part payment of the purchase-money, and letting the purchaser into possession of a part of the house, but remaining with his family in some of the rooms under a promise to pay rent, is a nullity, and does not constitute an abandonment of the premises as a homestead, nor enable the husband to sell and convey without the voluntary assent and signature of the wife.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN B. TALLY.

This action was brought by John T. Pearce, against A. M. Morgan and others, tenants in possession, to recover a house and lot in the town of Oxford, particularly described in the complaint; and was commenced on the 7th July, 1885. John F. Smith intervened as the landlord of the tenants in possession, and the cause was tried on issue joined on the plea of not guilty. The plaintiff claimed as purchaser at sheriff's sale under execution against one W. M. Taylor, issued on March 27th, 1885, on a judgment recovered against said Taylor on February 2d, 1882; and the defendant held under a conveyance from one J. T. DeArman, who bought from said Taylor. On the trial, the cause was submitted to the decision of the court, on an agreed statement of facts, with leave to either party to except to the decision, as if given in charge to the jury, and to appeal to this court from the judgment rendered. As thus agreed on, the following are the material facts:

The premises were sold and conveyed on the 8th January, 1878, by C. M. Martin to said W. M. Taylor, who was then in possession as Martin's tenant; and Taylor continued in possession of the premises thenceforward, occupying them

[Smith v. Pearce.]

as a residence for himself and family, "until some time about Christmas, 1880, when he made a verbal agreement with J. T. DeArman for the sale of said premises." By the terms of this verbal agreement, "Taylor was to continue to live on the west half of said lot, and to occupy the house thereon" [being the premises here sued for], "until Christmas, 1880, when DeArman was to get possession of the place, and was to be allowed to enter and repair it for moving thereon. Under this verbal license from Taylor, DeArman went on the lot prior to December 25th, 1880, repaired the fences and the house, topped some trees, and planted a turnip patch. Taylor and his family still continued to occupy the whole of the dwelling-house, which contained six rooms, and used the remainder of the lot in connection therewith, until December 25th, 1880, when DeArman and his family moved on the lot; and said Taylor and his family then gave up all of the lot, and all of the house except three rooms. After that time, DeArman and his family occupied all of the house except said three rooms, and he took charge of the land; but Taylor and his family continued to occupy said three rooms, and never moved from the lot until some time after his conveyance to DeArman, about February, 1881; and during this time he paid rent to DeArman, at the rate of $7.00 per month, under the oral agreement made between them about Christmas, 1880. At the time of the said agreement between Taylor and DeArman, for the sale of the premises, in October or November, 1880, DeArman paid $300 on account of the purchase-money, and he has since paid it all." On the 5th January, 1881, Taylor and his wife executed to said DeArman a conveyance of the house and lot, reciting the payment of $1,500 as its consideration; and this deed was acknowledged by both of them, on the day of its date, before a justice of the peace; but the certificate as to the acknowledgment by the wife, on examination apart from her husband, only states "that she signed the same without fear, constraint, or persuasion of her said husband." On the 21st July, 1885, after the commencement of this suit, another certificate of acknowledgment by Mrs. Taylor was added to the deed, which pursues the words of the statute. On the 2d November, 1881, DeArman sold and conveyed the property to said John F. Smith; and Smith was in possession, claiming under this conveyance, at the time of the levy and sale under execution, on the 27th March, 1885, at which plaintiff became the purchaser. The property was worth $1,500.

[Smith v. Pearce.]

On these facts, the court instructed the jury to find for
the plaintiff; and this charge, to which the defendant
excepted, is here assigned as error.

BISHOP & HANNA, C. C. WHITSON, and BROTHERS, WILLETT
& WILLETT, for appellant, cited *Tyler v. Jewett*, 82 Ala. 98;
*Boyle v. Shulman*, 59 Ala. 569; *Preiss v. Campbell*, 59 Ala.
637; *Lehman, Durr & Co. v. Bryan*, 67 Ala. 558; *Scaife v.
Argall*, 74 Ala. 473; *Murphy v. Hunt*, 75 Ala. 440; *Bailey
v. Campbell*, 82 Ala. 343; *Gafford v. Stearns*, 51 Ala. 434;
*Gates v. Hester*, 81 Ala. 359.

KELLY & SMITH, *contra*, cited *McGuire v. VanPelt*,
55 Ala. 344; *McConnaughy v. Baxter*, 55 Ala. 381; *Cooper
v. Striplin*, 80 Ala. 256; *Crim v. Nelms*, 78 Ala. 546;
*Alford v. Lehman, Durr & Co.*, 76 Ala. 526; *Motes v. Carter*,
73 Ala. 753; *Scott v. Simmons*, 70 Ala. 352; *Balkum v.
Wood*, 58 Ala. 644; *Hendon v. White*, 52 Ala. 597; *Scar-
borough v. Malone*, 67 Ala. 570; *Dooley v. Villalonga*,
61 Ala. 129; *March v. England*, 65 Ala. 275; *Shelton v.
Carroll*, 16 Ala. 148; *Rainey v. Capps*, 22 Ala. 288; *Miller
v. Marx*, 55 Ala. 322; *Halso v. Seawright*, 65 Ala. 43;
*Hood v. Powell*, 73 Ala. 171; *Dorsey v. McFarland*,
60 Amer. Dec. 615; *Allen v. Kellam*, 69 Ala. 447; *Boynton
v. Sawyer*, 35 Ala. 500.

SOMERVILLE, J.—The present case must turn on
one condition: Was the house and lot in controversy the
homestead of Taylor, owned and occupied by him as such,
at the time of the attempted conveyance of the premises by
him to DeArman, on January 5th, 1881? If it was his
homestead, this deed is admitted to be void, on account of
a manifest defect in the certificate of the wife's acknowledg-
ment.—*Motes v. Carter*, 73 Ala. 353; Code, 1876, § 2822.
The legal title of the premises, being unaffected by the void
conveyance, which is a mere nullity, would remain in the
grantor, and be subject to the lien of the plaintiff's execution,
issued March 27th, 1885, under which the premises were
sold and purchased by plaintiff on June 29th, 1885; the de-
fendant in execution, Taylor, having then abandoned the
premises, and ceased his occupancy.—*Striplin v. Cooper*,
80 Ala. 256; *Alford v. Lehman*, 76 Ala. 526. If DeArman
acquired no title under his deed, the defendant in this
action, who claims under him, obviously acquired no better

[Smith v. Pearce.]

estate or title than his vendor had.    The controversy is simply one as to the relative superiority of the title supposed to be acquired by DeArman under his deed, and that acquired by plaintiff under his execution sale.

The record, we may add, shows that the deed from Taylor to DeArman was acknowledged by the wife, on July 21, 1885, so as to correct the imperfections of the former certificate. This was nearly a month after the sale of the property under plaintiff's execution.    But it is too obvious for argument, that this fact can exert no influence on the case, because the new acknowledgment could not operate retrospectively, to take away intervening rights vested before it was perfected.

The contention of appellant, seeking to sustain DeArman's title, is based on the following facts: Taylor, while owning and occupying his homestead, with his wife and children, made a verbal contract with DeArman, in October or November of the year 1880, to sell the premises to him, a part of the purchase-money being then paid by the vendee.  He then permitted DeArman to move on the premises, and to occupy all the rooms in the dwelling-house except three, which he, Taylor, continued to occupy, for the usual purposes of a homestead, with his family, agreeing to pay rent for them.    This was his *status* at the time he executed the deed of January 5th, 1881, to DeArman.    The inquiry is, had he then abandoned the premises, so as to have ceased his occupancy of them as a homestead?    We think not.    The verbal agreement to sell was absolutely void—conferring no rights whatever, nothwithstanding the payment of a part, or even the whole of the purchase-money.    If a deed by the husband alone to the homestead, without the voluntary assent and signature of his wife, or his written agreement, is a nullity, as often decided; *a fortiori*, a verbal agreement to sell must likewise be void—as if it had never been.    We may, therefore, discard this incident from the case as entirely immaterial.

It is plain that Taylor had never left or quit the premises. He was still in the actual use and occupancy of the three rooms as a home, residence, or dwelling-place of himself and family, and had no other.    He certainly owned the place, because he had never parted with the title.    He also occupied it as fully as if he had let to DeArman, or any other lodger, all of the premises except the three rooms retained.    In the latter event, it could scarcely be maintained that such letting of a part would be an abandonment of the

whole. The contrary has often been held.—*Prior v. Stone,* 70 Amer. Dec. 350, NOTE; *Phelps v. Rooney,* 76 Amer. Dec. 244. The renting of the premises by Taylor from DeArman did not operate, either to create an abandonment, or to estop him from showing that in reality the relation of landlord and tenant did not exist between them. We have held, that a verbal promise of the owner of a homestead to pay rent to the grantee, under a deed void for the want of the voluntary assent and signature of his wife, no actual change of possession being shown, was without consideration, and did not create the relation of landlord and tenant, so as to estop the real owner of the premises from denying the title of his alleged landlord. Such an arrangement, it was suggested, could not be allowed to defeat the purpose and policy of the homestead law, as expressed in our statutes and constitution. *Crim v. Nelms,* 78 Ala. 604. In principle, the present case is scarcely distinguishable from that deliverance. If a homestead can be verbally rented to a lessee, and he be allowed entrance, it may be, to a single room of the dwelling, and a deed afterwards made by the husband alone, against the protest of the wife, can operate to convey a good title to the grantee, a wide door would be open for the nullification of the salutary restrictions thrown around the alienation of homesteads by the law. It would enable husbands easily to do by indirection, without the knowledge, or even suspicion of the wife, what they are prohibited positively by law from doing directly.—*Alford v. Lehman,* 76 Ala. 529; *Taylor v. Hargons,* 4 Cal. 268; s. c., 60 Amer. Dec. 606, and NOTE.

In arriving at the conclusion that there had been no abandonment, or forfeiture by Taylor, of his right of homestead, at the time of the attempted sale of the premises, we but adopt that construction of our laws on this subject which, in our opinion, will best promote the wise and liberal policy in which they had their origin.

The Circuit Court did not err in giving the general affirmative charge in favor of the plaintiff, upon the agreed statement of facts contained in the bill of exceptions; and the judgment must be affirmed.