[Hodges v. Hodges.]

# Hodges *v.* Hodges.

## *Ejectment.*

(Decided Dec. 8, 1910.   Rehearing denied Feb. 16, 1911.
54 South. 618.)

1. *Homestead; Rights of Surviving Wife.*—A proceedings in the probate court setting aside sixty acres as homestead to the widow on her petition alleging that the homestead comprised only 60 acres, does not divest her of the legal title to all the homestead, where the conditions prescribed by section 4198, Code 1907, obtained to vest in her the fee to the entire homestead without judicial action.

2. *Ejectment; Equitable Estoppel; Legal Title.*—In ejectment, an equitable estoppel cannot avail against legal title, hence, where, by section 4198, Code 1907, the legal title to the 80 acres comprising the homestead was vested in fee in the widow without any judicial action, upon the death of her husband, a subsequent proceedings by her in the probate court to have set apart to her sixty acres as comprising the whole of the homestead, while creating an equitable estoppel against the widow's assertion of title to the additional twenty acres, was not an available defense in ejectment by her for the twenty acres.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH. ·

Ejectment by Alice Hodges against William Hodges. Judgment for plaintiff and defendant appeals. Reversed and remanded.

ALLEN & BELL, for appellant.   The possession of the lands by the appellant and her husband prior to the possession of the appellees, or either of them, was sufficient to support an action of ejectment.   In *Higdon v. Kinnemore,* 120 Ala. 193, the following language is used: "Possesson of land, however recent, is *prima facie* evidence of title, will support an action for an injury to a freehold, or for the recovery of possession against one who does not show a better right."   For authorities on this proposition, see—*McCall v. Doe,* 17 Ala. 533; *Aiken v. Brewer,* 60 Ala. 579; *Eagle & Phoe-*

*nix Co. v. Gibson,* 62 Ala. 361; *Garrett v. Lysle,* 27 Ala. 586-90; Tyler on Ejectment, page 70. Where a homestead owned and occupied by a deceased husband was of less value than Two Thousand (2,000) Dollars in 1903, and less in area than One Hundred and sixty (160) acres, by the laws of this state then in force there was no necessity to claim the property as a homestead, or to set same aside as exempt. The law in such cases attached and vested the widow with complete title—there being no minor children. This court has decided this repeatedly, and have, time after time, expressed themselves as satisfied with this conclusion.— *Quinn v. Campbell,* 126 Ala. 290; *Gist v. Lucas,* 122 Ala. 555; *Fort v. Neigas,* 127 Ala. 309; *Brooks v. Johns,* 119 Ala. 412; *Jackson v. Wilson,* 117 Ala. 432; *Pollock v. McNeal,* 100 Ala. 203; *Faircloth v. Carroll,* 132 Ala. 243; *Skinner v. Jenkins,* 137 Ala. 295. Where the area and value of the homestead does not exceed the limit allowed by law as exempt, and it is not a part or parcel of a larger portion of land, a selection is unnecessary.— *Pollak et al. v. McNeil et al.,* 100 Ala. 207; *Alley v. Daniel,* 75 Ala. 406 *Nance v. Nance,* 84 Ala. 375; *Jarrell v. Payne,* 75 Ala. 577; *Hardin v. Pulley,* 79 Ala. 387; *Chandler v. Chandler,* 87 Ala. 303. It was merely a declaration in the Probate Court that she claimed this sixty (60) acres as her own, *and not a denial* that she owned the other twenty (20) acres. No body was invited to act upon this with reference to the other twenty acres at any rate, and in any and all events the most that could be said, and that is claimed is an estoppel *en pais.* This court has, time after time, declared that such an estoppel was no defense in a suit like this—ejectment. Such defenses have regularly and recently been numerous, and the court has constantly and continually held them to be insufficient.—*Wilson v. Alexander,*

[Hodges v. Hodges.]

135 Ala. 307; *Simmons v. Richardson*, 107 Ala. 697; *Sharp v. Brantley*, 123 Ala. 105; *Hollingsworth v. Walker*, 111 Ala. 317; *Milam v. Cooley*, 134 Ala. 535; *Williamson v. Armstrong*, 130 Ala. 389; *Vankirk Land Co. v. Greene*, 132 Ala. 342. In *Adler v. Penn*, 80 Ala. 351, where an administrator demanded certain property as belonging to the estate, and the property was delivered under that demand, and the administrator listed the property and incurred the liability of having to account for the same, it did not create a defense of estoppel. Again, in *Donahoo v. Johnson*, 120 Ala. 14-38, the administrator was in possession of the lands and delivered the possession to another person as a part of the estate of her decedent, believing that it was a part of the estate, this court said: "This conduct on her part did not work an estoppel; even if it did, it did not operate to divest her of the legal title vested in her by descent, and she had the right to maintain ejectment therefor." The same rule is laid down in *Boling v. Wright*, 76 Pac. 1108; *Place v. Place*, 102 N. W. 996; *Boyleston v. Rankins*, 114 Ala. 408; *Jordan v. Antony*, 10 Ala. 276; *Sullivan v. Callaway*, 81 Ala. 153.

A. C. & H. R. HOWZE, for appellee. Plaintiff is estopped to assume a position inconsistent with a former particular position assumed in a judicial proceeding, where, to assume such position, is prejudicial to other parties.—*Brown v. French*, 49 South. 255; *Taylor v. Crook*, 136 Ala. 356; *Eldridge v. Grice*, 132 Ala. 667; *Schamagle v. Whitehurst*, 103 Ala. 260; *Hodge v. Winston*, 95 Ala. 514. The order and decree were final, setting apart the sixty acres, and cannot be attacked collaterally.—*Jenkins v. Clisby*, 39 South. 735.

McCLELLAN, J.—Joel Hodges died in February, 1903. He left surviving a widow, the plaintiff-appel-

lant, and four children, all adult at the time of his death. At his decease he owned and occupied, as a homestead, 80 acres of land, the value of which was less than $2,000. Under and by virtue of the statute (Code 1896, § 2071), the fee to the entire homestead of 80 acres immediately vested in the widow, and so without judicial action of any kind. Code 1907, § 4198, makes changes in the former statute—Code of 1896, § 2071— the effect of which it is not necessary at this time to consider. In June, 1903, the widow filed a petition praying the setting aside of her homestead exemption in the probate court of Jefferson county, alleging the state of facts usually found in such petitions, and averring that the homestead owned and occupied by her husband at his death comprised only 60 acres, describing that area, and that it was of a value not exceeding $2,000. That court proceeded, according to its orderly processes, to formally set aside the 60 acres as the homestead exempt to the widow.

The effect of this proceeding upon the plaintiff's title to the 20 acres omitted therefrom presents the only question necessary to be considered. It is contended for appellee (and it was so ruled below) that the plaintiff was estopped from prosecuting to effect her action of ejectment because of the stated averment, and consistent therewith judicial ascertainment of the truth thereof by the probate court that the homestead contained 60 acres, instead of, and as, in fact, 80 acres.

It is clear, as indicated before, that at the time the petition to set aside the homestead was filed the title in fee to the 80 acres was already in the plaintiff. Hence, so far as enhancing her right and title to the entire homestead area, the proceeding in the probate court was wholly vain. That court had nor could have any power to divest the title already so invested by the automatic

effect of the statute.—Section 2071. Assuming, for the purpose of present decision only, that the proceeding in the probate court created an estoppel against plaintiff's assertion of her real title to the twenty acres in controversy, it was equitable at most; and with us, in ejectment, an equitable estoppel cannot avail against the legal title.—*Vankirk Land Co. v. Green,* 132 Ala. 348, 31 South. 484; *Williams v. Armstrong,* 130 Ala. 389, 30 South. 553.

On this record the affirmative charge was due the plaintiff. To give it for the defendant was error.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.