# Hodges *v.* Birmingham Securities Company.

*Bill to Restrain Action of Ejectment.*

(Decided May 14, 1914. Rehearing denied July 2, 1914.
65 South. 920.)

1. *Equity; Practice; Decree Pro Confesso.*—While every fact well pleaded in the bill is taken as confessed in reviewing a decree pro confesso, yet such decree will not be sustained on appeal if it is necessary to supply by intendment any essential matter in the bill.

2. *Homestead; Allotment; Proceedings.*—Where the land occupied by a deceased husband at the time of his death does not exceed in area and value that which the law allows as a homestead, it is not necessary for a widow to institute proceedings in the probate court to secure the widow's homestead rights, but the statute authorizes that course, and she may do so if she desires.

3. *Same; Equitable Estoppel.*—The proceedings leading up to the setting aside of the homestead considered, and it is held that the widow was not estopped from claiming the remaining 20 acres not originally claimed, as the complainant could not rely upon some of the proceedings in the probate court and disregard others; hence, complainant is charged with knowledge that the widow under the proceedings was attempting to claim all the land as a homestead of which her husband died seized and possessed.

(Mayfield and Sayre, JJ., dissent.)

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Birmingham Securities Company against Alice Hodges to enjoin and restrain her from prosecut-

ing an ejectment suit for land therein described. Decree for complainant and respondent appeals. Reversed and remanded.

The case was submitted for final decree on the bill of complaint and the decree pro confesso formerly taken against the respondent, and so far as the record shows no evidence was taken by either party.

ALLEN & BELL, for appellant. As to what constitutes an equitable estoppel, see 16 Cyc. 682, 726; Bigelow on Estoppel, 570. In order for a false representation of a material fact to work an estoppel, it must have been with a knowledge on the part of the person making it that the representation was untrue.—*Scharfenburg v. N. Decatur,* 155 Ala. 655; *Crossthwaite v. Lebus,* 146 Ala. 525; *Colbert v. Daniel,* 32 Ala. 314; *Clements v. Loggins,* 2 Ala. 351. As to the third requisite of such an estoppel, see *Mary L. C. & R. Co. v. Winn,* 97 Ala. 495; 67 S. W. 797; Dunbitz on Land Titles, 138. As to the fourth requisite of an estoppel, see *Scharfenburg v. N. Decatur, supra; Huntsville v. Garrity,* 57 South. 750; 21 Ala. 523; 24 Ala. 446; 76 Ala. 194. As to the fifth requisite of an estoppel, see *Seals v. Cowart,* 114 Ala. 511; 16 Cyc. 734. Under these authorities, it must be held that Mrs. Hodges was not estopped by her petition, and that the securities company was bound to know therefrom that she was attempting to claim every inch of the land of which her husband died seized possessed, and that all of it taken together did not exceed in value and area that exempted to the widow. Section 3164, Code 1907, as amended Acts 1911, p. 565, requires that before a cause may be submitted on a decree pro confesso, notice thereof be given, and a written request filed with the clerk and register.—*Foley v. Foley,* 163 Ala. 626.

A. C. & H. R. HOWZE, for appellee. This case is practically settled by an opinion on the former appeal.—*Hodges v. Hodges,* 54 South. 618. While it may not have been necessary to resort to the probate court, having done so, she is bound thereby.—*Tart v. Negus,* 127 Ala. 301. The probate court could not set aside its judgment after the adjournment of its term, even for fraud.—*Singo v. Fritz,* 51 South. 867; s. c. 49 South. 290; *Jenkins v. Clisby,* 145 Ala. 665. The proceedings formed a link in the chain of the title, and constituted an estoppel by record.—*Brown v. French,* 148 Ala. 273; *Taylor v. Crow,* 138 Ala. 356; *Eldridge v. Grice,* 132 Ala. 367; *Hodges v. Winston,* 95 Ala. 514; 156 U. S. 680; 49 S. E. 70.

DOWDELL, C. J.—This appeal is taken from a final decree upon a submission on the bill and the exhibits thereto, and a decree pro confesso regularly had on the bill.

The rule of chancery practice in this state is well settled that every fact well pleaded in a bill is taken as confessed on a decre pro confesso. There is another rule of law which requires the citation of no authorities to sustain, and that is, when certain facts are established, reasonable conclusions of the existence or the nonexistence of other facts may be deduced therefrom by the court or jury trying the case. The purpose of the bill is to enjoin the respondent, appellant here, from prosecuting her suit in ejectment at law for the recovery of the 20 acres of land described in the bill. The complainant relies upon the doctrine of estoppel in pais on the facts stated in the bill, which must be taken as true on the decree pro confesso. The bill avers that complainant is a bona fide purchaser for value without notice. The bill also shows that the respondent, Alice

Hodges, upon the death of her husband, filed her petition in the probate court to have set aside to her a homestead in the lands which her said husband occupied at the time of his death. In her petition she described 60 acres of land, and swore that the 60 acres so described constituted all the land that her husband occupied at the time of his death. The 60 acres was, on her petition, regularly set aside to her as a homestead. The bill further shows that the said deceased husband, Joel B. Hodges, owned, in addition to his said homestead which was set aside to the widow on her proceedings in the probate court, 20 acres of land, the land now in question, which, it is averred, descended to and was taken possession of by the children of said Joel B. Hodges, and was thereafter owned and claimed by them as the heirs at law of said Joel B., and that they continued in possession thereof, with the knowledge and acquiescence of the said Alice, nearly six years after the death of said Joel B., and sold and conveyed the same; that the appellee purchased the same from the parties to whom the heirs at law of the said Joel B. had sold, paying a valuable consideration therefor, namely, $1,150, and obtained a deed to the same. The bill further shows that the appellee, when it purchased said 20 acres, caused an abstract of the title to the same to be made, which abstract showed the proceedings in the probate court, and that the said Alice Hodges had had the homestead, as she alleged, of 60 acres, set apart as exempt to her under the law, and for some reason, undisclosed in said proceedings, alleged that said 60 acres was all of the land owned by the decedent at the time of his death. And it is further averred in the bill that the appellee, in making said purchase of said land, relied upon the representations made by the said Alice Hodges in her said application in the probate court, and upon the fact

that she had obtained all of her homestead interest in the property and estate of her said husband, and, so relying, appellee purchased said property for a valuable consideration, and paid the same, without any knowledge, actual or constructive, that the said Alice Hodges had any interest whatever in said 20 acres of land. The chancellor, on the foregoing facts shown by the bill, which were admitted and confessed on the decree pro confesso by the respondent, rendered his decree granting the complainant relief.

While it is not necessary, where the land occupied by the deceased husband at the time of his death does not exceed in area and value that which the law allows as a homestead, for the widow to institute proceedings in the probate court to secure her homestead rights, yet the statute authorizes such proceedings, and she may pursue that course if she chooses to do so. As was said in the case of *Tartt v. Negus,* 127 Ala. 301, 28 South. 713:

"The statute authorizes proceedings in the probate court for setting apart the homestead, and they may be resorted to with advantage for the purpose of establishing the exempt character of the particular property by record evidence."

The respondent voluntarily resorted to the probate court to establish her homestead claim, and doubtless she had her reasons for doing so, and by those proceedings she put herself on record as declaring to the world that she had no claim of homestead in any other land of her deceased husband than the 60 acres described in her petition in the probate court, and of course none in the 20 acres in dispute. The complainant, relying on these representations solemnly made of record, in good faith and without notice, actual or constructive, of any claim of interest by the respondent in the 20 acres, six years or more after the proceedings in the probate court, pur-

chased the 20 acres paying a valuable consideration therefor. That these facts constituted an equitable estoppel against the respondent to any claim to the 20 acres in question, as to the complainant, seems plain to us. It could not be made stronger if the respondent had stood by, when the complainant came to purchase the land, and declared to it that she had no claim or interest in the 20 acres of land, and thereby induced it to purchase the land and to part with its money. It would be against conscience to allow the respondent to repudiate responsibility under the terms of her petition in the probate court for allotment of homestead, and a court of equity will not permit it.

Upon a review of all the facts averred in the bill, which facts must be taken as admitted in the case, we hold that the respondent is estopped in equity from setting up her claim to the land; and the decree of the chancellor appealed from, granting the complainant relief, will be affirmed.

Affirmed.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.

## ON REHEARING.

ANDERSON, C. J.—It must be assumed, from the averments of the bill of complaint, that the respondent, as the widow of her deceased husband, acquired the legal title to the entire 80 acres, which was all the land owned by her said husband at the time of his death, and that the respondent, the plaintiff in the action of ejectment, would be entitled to recover as to the 20 acres involved, and which is a part of said 80 acres, but for the contended for equitable estoppel arising out of respond-

ent's unnecessary claim of exemptions as instituted by her in the probate court, wherein the 20 acres in queston was omitted both from her petition and from the decree awarding her relief. The question therefore is whether or not her claim of less than she was entitled to operated to estop her from subsequently claiming said 20 acres, as against this complainant who claims to be an innocent purchaser under conveyances from the grantees of the heirs of the deceased husband. In order for the complainant to invoke the conduct of the respondent as an estoppel, it must have acted upon the strength of same, and must have been induced by the probate proceedings to believe that the widow thereby released or renounced all claims to the 20 acres in question. If the complainant purchased under an abstract of the title, said abstract showed title in the husband at the time of his death, and put the purchaser upon notice that it did not descend to the heirs unless it was in excess of, or was not a part of, the land exempt to the widow under the laws of the state. The complainant invokes the respondent's claim to only *sixty* acres, as set out in her petition in the probate court, as a waiver on her part of any claim to the other 20 acres; and there might be merit in this contention if the proceedings in the probate court showed an intention to carve the 60 acres out of the 80, but said proceedings do not show this; they indicate, on the face thereof, that they were filed upon the theory that the husband owned only 60 acres, or that the 20 acres were omitted by error, as the petition avers that the land claimed was all of the land owned by the husband at the time of his death. As the complainant relies upon the probate proceedings as an estoppel, it is chargeable with the full proceedings, and cannot accept only the favorable part and reject what is unfavorable. The claim to the 60 acres only was assert-

ed for the reason and upon the ground that it was all the land owned by the husband at the time of his death, not that the widow merely claimed a part of the land that her husband owned, and did not therefore claim the other part, non constat, her claim to only 60 acres was upon the idea that it was all the land owned by her husband. Or it may be that the claim to only 60 acres was an error, as the proceedings show that she claimed, or intended to claim, all the land owned by the husband at the time of his death, and to which she was entitled under the exemption laws. If she had not filed this unnecessary claim, she would, under the statute, have the legal title to the entire 80 acres, and the filing of said claim did not divest said title; and, as we view the probate proceeding, it was sufficient to put a purchaser, from or through the heirs, upon notice that her claim to the 60 acres only was solely upon the idea that her husband owned only 60 acres, and that it was no assertion by her that she did not or would not claim the other 20 acres, if the husband owned it. The complainant, claiming title through the heirs of the deceased husband, was put upon notice of the rights of the widow; and the probate proceedings, as instituted by her, did not conclusively show that she intended to claim only 60 acres in any event, and cannot be taken as an absolute release or renunciation of all right or claim to the other 20 acres, but said proceeding was sufficient to put purchasers upon notice that the omission of the said 20 acres was through ignorance of her husband's title to same, or through error in not including it in the description contained in her said petition.

In the case of *Hodges v. Hodges*, 172 Ala. 11, 54 South. 618, this court did not hold that the probate proceedings in question would operate as an equitable estoppel against this respondent. It may be that the sec-

ond headnote indicates such a holding, but the opinion of the court expressly declines to hold that it was an equitable estoppel. We simply held that if there was such an estoppel, it was not available in the action of law then under consideration.

In this case there was·a decree pro confesso against this respondent, but in order to sustain said decree, upon appeal, no essential fact will be supplied by intendment; and as the averments of the bill are insufficient to authorize the relief prayed for and granted, this court will reverse the decree rendered by the chancery court.—*National Building Association v. Ballard,* 126 Ala. 155, 27 South. 971.

The application for a rehearing is granted, the judgment of affirmance is set aside, and the ·decree of the chancery court is reversed, and the cause is remanded.

Reversed and remanded.

McClellan, Somerville, de Graffenried, and Gardner, JJ., concur. Mayfield and Sayre, JJ., dissent.