# Birmingham Securities Co. *v.* Hodges.

*Bill to Enjoin Claim of Homestead*

(Decided June 3, 1915.  68 South. 980.)

1. *Homestead; Allotment; Proceedings; Estoppel.*—Where the husband died seized and possessed of 80 acres of land, and the widow filed a petition to set aside a tract as a homestead alleging that the husband was possessed of only 60 acres, and praying that the same be set aside as a homestead, which was done, such action on the part of the widow did not estop her from claiming the remaining 20 acres, notwithstanding the heirs of the husband had taken and occupied the said 20 acres, and sold them to complainant; the widow's petition, on its face, explicitly negativing one of the vital elements of an estoppel—knowledge by the petitioner of the right she was claimed to have abandoned.

2. *Same.*—Where the husband died seized and possessed of 80 acres of land, and the widow petitioned to have the same set apart to her as a homestead, alleging that he was seized of only 60 acres, but knowing that he had formerly owned the 20-acre tract, had relinquished his claim thereto and ceased to regard it as part of her homestead, such action did not estop the widow from setting up title to such 20-acre tract, after the 60-acre tract had been set apart to her, and the heirs of the husband had taken possession of and occupied the 20-acre tract and sold it to complainant.

3. *Injunction; Ejectment.*—Where the husband owned land which was not part of his homestead, it descended to his heirs without interception by any statute conferring title upon his widow, and where such widow, petitioning to have homestead set apart to her, did not claim any rights in said land, the legal title was in the heirs of the husband and passed by their deed to complainant, and complainant being thus vested with the legal title had no standing to maintain a bill in equity against the widow to enjoin her from setting up legal title to the land in an ejectment suit; the subject matter of the bill being available as a defense in the ejectment suit. (Section 2069, Code 1896.)

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Birmingham Securities Company against Alice Hodges to enjoin her from setting up title to certain lands. Decree for respondent, and complainant appeals. Affirmed.

A. C. & H. R. HOWZE, for appellant.

ALLEN & BELL, for appellee.

SOMERVILLE, J.—On a former appeal in this case it was held that a demurrer to the bill was properly sustained.—*Hodges v. Birmingham Securities Co.,* 187 Ala. 290, 65 South. 920. The gravamen of that decision was that Mrs. Hodges, the respondent, did not, by claiming and having allotted to her, as her widow's homestead, a certain 60 acres thus owned and occupied by her husband at his death, thereby estop herself from also subsequently claiming an adjoining 20-acre tract (a part of the husband's actual homestead), which his heirs had taken possession of and sold by mesne conveyance to complainant.

(1) The conclusion was grounded, in part at least, on the fact that the probate petition, relied upon by complainant as an estoppel against Mrs. Hodges, showed upon its face by a clear recital, that she claimed only 60 acres as her homestead under the mistaken idea that her husband did not own the other 20, and hence that it was not subject to her claim. A re-examination of the question convinces us, in spite of the able argument presented for appellant, that the probate proceeding in question, in view of all the allegations of the petition, cannot be justly regarded as an unqualified renunciation by the widow of any homestead interest she might have in other property that belonged to her hus-

band. Certainly the petition bore upon its face an explicit negation of one of the most vital elements of an estoppel, viz., knowledge by the petitioner of the right she was supposedly abandoning.—*Crosthwaite v. Lebus*, 146 Ala. 525, 41 South. 853; 16 Cyc. 759, 762. Hence it could give no assurance to purchasers from the heirs that she would not assert her claim whenever she became aware of her error.

(2) Since the last remandment, the bill has been amended by the allegation of certain facts which, it is urged, meet the deficiency pointed out on the former appeal. It is now alleged that Mrs. Hodges filed her said petition with knowledge that her husband had formerly owned this 20-acre tract as part of his homestead, and that he had "relinquished his claim to the said 20 acres of land and ceased to regard it as a part of his said homestead; this in view of the fact that it had been sold for taxes years before, and the purchaser was, when Hodges died, paying taxes and exercising ownership over the tract.

So far as the estoppel is concerned, this amendment does not strengthen it. On the contrary, it serves to emphasize and confirm the theory that Mrs. Hodges was ignorant of her rights in the premises, and that she failed to claim because she believed the title to this tract had been lost to her husband.

(3) But the effect of the amendment is more serious than this. It shows that Hodges died neither occupying nor claiming the 20-acre tract as part of his homestead, and that, under section 2069, Code 1896, not being part of the actual homestead, it descended to the heirs without interception by any statute conferring title upon the widow. Clearly then, if the bill, as amended, refutes the assumption of legal title in the widow,

Mrs. Hodges (as insisted in brief for appellant), the legal title was in the Hodges heirs, who sold the tract to appellant, and the essential equity of the bill is destroyed, for the bill can be maintained only upon the theory of legal title in Mrs. Hodges. If the 20-acre tract was not a part of the actual homestead, or if the whole tract of 80 acres exceeded in value $2,000 at the time of Hodges' death, these facts and their legal consequence can be shown in defense of the ejectment suit now pending.

The demurrer to the amended bill was properly sustained, and the decree of the chancellor will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

MAYFIELD, J.—I dissented from the conclusion of the majority on the original appeal, and now acquiesce in that ruling as settled, though it is contrary to my individual opinion.