(77 South. 741)

HODGES v. HODGES. (6 Div. 580.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied Feb. 7, 1918.)

1. HOMESTEAD ⬅→151 — RIGHT OF WIDOW — STATUTE.

If the 20 acres in contest in a widow's action of statutory ejectment did not constitute a part of her husband's homestead when he died, or if his homestead consisted of the 20 acres, together with another 60 acres, and the 80 acres thus comprising the husband's homestead when he died was worth more than $2,000, Code 1896, § 2071, in effect when the husband died, did not automatically vest in the widow the absolute fee in the 20 acres, since by the statute the homestead must have constituted all the real estate owned in the state by decedent at the time of his death.

2. HOMESTEAD ⬅→32—ACTUAL OCCUPANCY.

Actual occupancy, except in the single instance of temporary absence, for which the statutes prescribe a preservative remedy, is essential to the constitution and retention of a homestead.

3. HOMESTEAD ⬅→161—ABANDONMENT—OCCUPANCY.

Abandonment of an area of land in whole or in part as a homestead, so as to remove therefrom the impression of the homestead character, is determinable by the occupancy as one of the factors in the inquiry.

4. HOMESTEAD ⬅→181½ — ABANDONMENT — QUESTION FOR JURY.

The question of decedent's intentional abandonment of 20 acres of agricultural land as part of his homestead because he ceased to cultivate it, mistakenly thinking that he had lost title by sale for taxes, was a question for the jury, if it found that decedent in fact abandoned the use of the 20 acres as a source of support for his family.

5. HOMESTEAD ⬅→57(1)—HOMESTEAD CHARACTER OF LAND—BURDEN OF PROOF.

In a widow's action of statutory ejectment to recover 20 acres as her husband's homestead, the burden of establishing the affirmative of the two issues involving the homestead character of the 20 acres in question was on the widow.

6. HOMESTEAD ⬅→181½—QUESTION FOR JURY.

In a widow's action of statutory ejectment to recover 20 acres as her husband's homestead, charges whereby plaintiff sought to have the court instruct that under the evidence decedent had not abandoned the 20 acres as a part of his homestead were properly refused as invading the jury's province on an issue to be submitted to them.

7. EVIDENCE ⬅→269(2)—DECLARATIONS OF DECEDENT AS EVIDENCE OF INTENTION.

In a widow's action of statutory ejectment to recover 20 acres as a homestead, what was the intention of her deceased husband with reference to the homestead character of the 20 acres, and whether he had abandoned it as part of his homestead, were inquiries upon which his statements when disclosing his intention might be shown.

8. APPEAL AND ERROR ⬅→233(2) — RESERVATION OF GROUNDS OF REVIEW—OBJECTION TO EVIDENCE.

In a widow's action of statutory ejectment to recover 20 acres as a homestead, where no objection was made to the reception in evidence when offered of a paper purporting to be a petition in probate filed by the widow, the previous objection of plaintiff to her examination in reference to the petition on the ground that it was illegal, immaterial, and incompetent was ineffectual to reserve the inadmissibility of the paper for review in the Supreme Court.

9. WITNESSES 140(7)—COMPETENCY—STATEMENTS OF DECEDENTS.

Where a decedent's estate could not have been affected financially or otherwise by any judgment in the widow's action of statutory ejectment to recover 20 acres as a homestead, decedent's son, defendant, was not incompetent, under Code 1907, § 4007, to testify to statements by his father with reference to the land in controversy.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Ejectment by Mrs. Alice Hodges against William Hodges. From a judgment for defendant, plaintiff appeals. Affirmed.

Allen & Bell, of Birmingham, for appellant. A. C. & H. R. Howze, of Birmingham, for appellee.

McCLELLAN, J. Statutory ejectment by appellant against appellee (substituted defendant) to recover 20 acres of land described in the complaint. This cause was before this court on a former appeal. Hodges v. Hodges, 172 Ala. 11, 54 South. 618. It was insisted on that occasion that the plaintiff, the widow of Joel B. Hodges, was estopped to assert any homestead right in the 20 acres in question, for that she had petitioned the probate court to set aside to her as the widow's homestead exemption 60 acres—and it was so set aside—an area not comprising the 20 acres in suit. On the record then before this court it was not even suggested that the 20 acres in controversy, constituting a part of the 80 acres owned by decedent, was not a part of the homestead. Expressly declining to decide the merits of the question of estoppel, this court held that, if the estoppel had merit, it was equitable in nature and not available in ejectment at law. Citing Vankirk Co. v. Green, 132 Ala. 348, 353, 31 South. 484; Williams v. Armstrong, 130 Ala. 389, 394, 30 South. 553.

A bill was then filed whereby it was sought to avail of the estoppel before stated and to enjoin the further prosecution of this action of ejectment. On appeal from a final decree, in response to an application for rehearing, it was decided that the asserted estoppel did not avail the complainant, reversing the decree of the chancellor. Hodges v. Birmingham Securities Co., 187 Ala. 290, particularly pages 295–298, 65 South. 920. After remandment, the bill was sought to be amended, but this court ruled, affirming the decree on demurrer, as reported in 193 Ala. 197, 68 South. 980, that the amendment of the bill did not avoid the effect of the application of the doctrine of the prior decision (187 Ala. 295–298, 65 South. 920). In the opinion, at page 200 of 193 Ala., at page 981 of 68 South., it was declared:

"If the 20-acre tract was not a part of the actual homestead, or if the whole tract of 80 acres exceeded the value of $2,000 at the time of Hodges' death, these facts and their legal consequences can be shown in defense of the ejectment suit now pending."

[1, 2] The judgment from which this appeal is prosecuted resulted from a trial of the ejectment suit on the issues thus foreshadowed. If the 20 acres in contest did not constitute a part of the homestead of Hodges when he died, or if his homestead consisted of this 20 acres together with the other 60 acres, and the 80 acres thus comprising his homestead at the time of Hodges' death was of a value exceeding $2,000, then section 2071 of the Code of 1896 (the law in effect when he died in 1903) was without operation or effect to automatically vest in the widow the absolute fee in the 20 acres in controversy. "Homestead" as employed in that section— which, to quote the statute, must have constituted "all the real estate owned in this state by the decedent at the time of his death"— meant the "homestead" as defined in these, among other, decisions made by this court: Turner v. Turner, 107 Ala. 465, 468, 469, 18 South. 210, 54 Am. St. Rep. 110; Garrett v. Jones, 95 Ala. 96, 101, 10 South. 702; Barber v. Williams, 74 Ala. 331, 333, 334; Boyle v. Shulman, 59 Ala. 566. Actual occupancy, except in the single instance of temporary absence for which the statutes prescribe a preservative remedy, is essential to the constitution and retention of an homestead in this state. Scaife v. Argall, 74 Ala. 473; 8 Michie Ala. Dig. pp. 88, 89.

Some time prior to Hodges' death this 20 acres undoubtedly constituted a part of his homestead of 80 acres. Two or three years before his death this 20 acres was thought by Hodges to have been effectually sold for taxes, whereas, in fact, the tax sale was void. There is evidence tending to show that Hodges acted on the idea that he had lost his theretofore sound title in fee to this 20 acres by quitting the cultivation in whole or in part of this 20 acres. As a matter of fact, the legal title to the 20 acres remained in Hodges up to his death in 1903. On this phase of the case the real question appears to be whether Hodges had abandoned this 20 acres as a part of his homestead. There is no evidence tending, even, to show that possession of this 20 acres was taken by any one opposed in right or claim to Hodges. This fact distinguishes Thacker v. Morris, 166 Ala. 395–400, 52 South. 73, since there the purchaser was put in possession under the abortive conveyance to him. The like observation applies to distinguish some expressions to be found in Smith v. Pearce, 85 Ala. 264, 4 South. 616, 7 Am. St. Rep. 44, though it is to be noted therein that the court attached importance to the absence of an "actual change in possession." In Crim v. Nelms, 78 Ala. 604–608, account was likewise taken of the absence of an "ostensible change in possession."

[3] Since the impression of the homestead character upon a rural area is dependent upon occupancy (with the exception before-

indicated), abandonment of the area, in whole or in part, as a homestead, so as to remove therefrom the impression of the homestead character, is determinable by the occupancy as one of the factors in the inquiry. If one may abandon an existing rural homestead as a unit, it would seem to be certain that a definite, separable part of an agricultural area may be abandoned as a part of a homestead. The greater would seem to include the lesser; though it has been ruled here that the surrender of control of a part of the dwelling house did not operate as an abandonment of the whole. Smith v. Pearce, supra. It has been held here that tracts of land not contiguous to the dwelling site may constitute the homestead of the owner if the noncontiguous tract is a source from which the support of the family is drawn; that conclusion being predicated, necessarily, of the affirmation that in such circumstances the noncontiguous tract is subjected to the occupancy of the owner as a homestead. Dicus v. Hall, 83 Ala. 159, 3 South. 239; Hodges v. Winston, 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241.

[4] The application of the analogy afforded by these decisions to the phase of the evidence tending to show that the decedent abandoned this 20 acres as a source from which to draw support for himself and family, who actually resided on his adjacent holdings, led this court to the conclusion that the question of his intentional abandonment of this 20 acres as a part of his homestead was a question for the jury; provided the jury found that the decedent in fact abandoned the use of the 20 acres as a source of support for his family.

[5] Under the two issues tried in the court below—the burden of the affirmative of which was upon the plaintiff to establish—no question with respect to the decedent's title to the land was material to the determination of the rights of the parties. The issues tendered and tried involved only the homestead character vel non of the 20 acres in question, and the solution of this issue depended upon the two inquiries of fact which have been before restated. Hence there was no possible prejudicial error in the refusal by the court of the following special charges requested by and refused to the plaintiff: 13, 9, 14, A, and B (both lettered by us).

Through charges numbered 5 and 3 given at plaintiff's request, and that numbered 1 given at defendant's request, the refusal to the plaintiff of her charges touching the definition of the market value of land was rendered entirely innocuous.

[6] There is no merit in the assignments predicated of two excerpts from the oral charge of the court. The special charges given at the instance of the defendant correctly stated the law of the case. Those charges refused the plaintiff, whereby she sought to have the court instruct the jury that under the evidence the decedent had not abandoned this 20 acres of land as a part of his homestead, were well refused, for that they invaded the jury's province on one or two material issues due to be submitted to them.

[7] What was the intention of the decedent with reference to the homestead character of the 20 acres in question, whether the decedent had abandoned it as a part of his homestead, were inquiries upon which those competent to testify might retail the statements of decedent when he disclosed his intention with reference to the land in question. There was no error in allowing the witnesses Bailey and others to recite what the decedent had said to them with reference to this land.

[8] The second assignment of error is rested upon this state of facts as recited in the bill of exceptions:

"On cross-examination the plaintiff was handed a paper purporting to be a petition filed by her in the probate court of said county, on the 1st day of June, 1903, seeking to have set aside to her as a homestead 60 acres of the above-described 80, which said 60 was described with all of said 80 acres, except the 20 acres in controversy in this suit. * * * The plaintiff objected to the examination of said witness in reference to said petition on the ground that said paper was illegal, immaterial, incompetent, and irrelevant evidence, and not the best evidence. The court overruled the plaintiff's objections, and required her to answer whether or not she did sign said petition."

Subsequently this petition was offered in evidence, but no objection appears to have been made to its reception in evidence. The objection quoted was ineffectual to reserve any matter for review in this court. The paper, the petition, was entirely irrelevant to any issue in the case; but, according to the bill of exceptions, the paper was not offered until a later stage of the trial and was then received in evidence without objection. The appellant can take nothing under the second assignment of error.

[9] The estate of the decedent could not at all have been affected, financially or otherwise, by any judgment in this action. Hence the witness William Hodges was not incompetent, under the provisions of Code, § 4007, to testify to statements made by his father with reference to the land in controversy.

No prejudicial error appearing, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.