188 So. 678

**MONEY et al. v. MONEY.**

**4 Div. 70.**

Supreme Court of Alabama.

May 4, 1939.

654

F. W. Fish, of Abbeville, for appellants.

G. D. Halstead, of Headland, for appellee.

BROWN, Justice.

Joe Money, as an heir at law of T. Jeff Money, deceased, filed the original bill against the other heirs at law, seeking a sale of 280 acres of land, described in the bill, and constituting the major part of the estate, for distribution among all of said heirs, joint owners or tenants in common. Code 1923, § 9331.

Appellants, on petition were allowed to intervene and file an answer and cross-bill denying the ownership of the property by said T. Jeff Money, at the time of his death, and alleging that said decedent during his life conveyed the lands described in the original bill by deed executed on November 10, 1933, and subsequently delivered to them as such grantees, and that they and not the heirs of said T. Jeff Money are the owners of said land.

On final hearing, on pleadings and proof, the circuit court upheld the original bill and granted relief to complainants, as prayed therein, and dismissed the cross-bill.

The question presented is whether or not the testimony of the witnesses Malcolm Edmondson and J. A. Money offered by interveners to show delivery of the deed is within the common law rule of exclusion preserved by section 7721 of the Code 1923, which provides, inter alia: "In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, *except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding.*" (Italics supplied.)

Both Edmondson and J. A. Money are named in the deed as grantees and are parties respondent, *claiming under said deed,* and were offered as witnesses in their own behalf and in behalf of the other respondents. Edmondson testified that said T. Jeff Money *delivered the deed to him a short time before the last illness of said Money and that it has been in witness' possession ever since.*

The witness, J. A. Money, testified, that he, his brothers and sisters and Malcolm Edmondson (witnesses) claimed title to the 280 acres of land under said deed; that the first knowledge he, witness, had of the existence of the deed was before Money died in 1934, *"when he delivered me the deed in a will when I got them from him I turned it over to Mr. Robert Phillips and then turned it over to Malcolm Edmondson."* (Italics supplied.)

Aside from the above italicized statements, there is an absence of evidence showing the delivery of said deed, and the circuit court in disposing of the case, rests the denial of relief to appellants on the ground that said evidence is within the rule of exclusion, and is therefore incompetent.

The appellants insist that the estate of T. Jeff Money is not interested in the is-

sue tried, or the result of the suit, and therefore the rule of exclusion was erroneously applied, citing in support of the contention, Hodges v. Hodges, 201 Ala. 215, 77 So. 741; Darrow v. Darrow, 201 Ala. 477, 78 So. 383, and Orr et al. v. Stewart, 13 Ala.App. 542, 69 So. 649.

Hodges v. Hodges, supra, was an action of ejectment by the widow of the decedent against an heir at law to recover possession of 20 acres of land as constituting a part of the homestead exempt to plaintiff, under the statute, from administration and the payment of debts. It was held that the estate of that decedent was not interested, because whether the title passed to the widow or the heir, nevertheless it was a part of the estate passing to those entitled to take under the law. Hodges v. Hodges, 172 Ala. 11, 54 So. 618; Id., Second Appeal, 201 Ala. 215, 77 So. 741.

In Darrow v. Darrow, supra, the question was which of the two contestants was the widow of the decedent entitled to share in the estate.

Orr et al. v. Stewart, supra, was an action on a note given by the widow after the death of her husband, and the question was whether or not the note was supported by a consideration, the alleged consideration being a debt due from the husband, satisfied by the execution of the note. And the question litigated was whether or not the debt had been paid by the husband before his death, therefore the issue did not involve the interest of the estate.

In the case at bar, if the deed was delivered, as alleged in the cross-bill, said T. Jeff Money was not the owner of the land at the time of his death, and it was not a part of his estate, if the deed was not delivered, as alleged, the property constituted the major part of the estate and the title thereto passed to and vested in his heirs at law.

The rule disqualifies a witness interested in the result of a suit from testifying to facts coming to his knowledge through direct personal dealings with the deceased whose estate is affected by the issue. Warten et al. v. Black, 195 Ala. 93, 70 So. 758; Frank E. Shetler, Adm'r &c. v. Addie Stewart et al. 133 Iowa 320, 107 N. W. 310, 110 N.W. 582.

The rulings of the circuit court are in accord with this view of the law.

The decree of the circuit court is due to be affirmed and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.