93 So.2d 423

**Maggie GUNTER et al.**

**v.**

**Sovola Gunter FRIX et al.**

**6 Div. 37.**

Supreme Court of Alabama.

March 7, 1957.

578

Jack Martin Bains and J. E. Bains and Leland Randall, Oneonta, guardian ad litem, for appellees.

Nash & NeSmith, Oneonta, for appellants.

LAWSON, Justice.

This is an appeal from a final decree of the circuit court of Blount County, in equity, ordering the sale of approximately 185 acres of land for division of the proceeds among the complainants and respondents below, whom the trial court found to be the joint owners of the land.

For the purposes of this appeal it can be said that the complainants and the re-

spondents below constitute all of the heirs at law of William T. Gunter, who died intestate on May 30, 1923.

It was without dispute that William T. Gunter at one time owned the suit property in fee simple. The disagreement between the complainants and respondents below was in regard to his ownership of the fee simple title at the time of his death. The complainants below, the appellees here, who are the descendants of William T. Gunter and his first wife, contended that he owned the fee simple title at the time of his death. The respondents below, who are the descendants of the said Gunter and his second wife, asserted that by virtue of a written instrument (which they contended to be a deed) signed and acknowledged by Gunter and his second wife, Claudie, on December 8, 1920, the fee simple title to the suit property at the time of Gunter's death was in four of the respondents, the daughters of William T. and Claudie Gunter namely, Maggie, Jinie, Janie and Lela Gunter.

The trial court found that the written instrument bearing date of December 8, 1920, conveyed no interest in the suit property and that William T. Gunter owned the fee simple title thereto at the time of his death. Since it was established beyond peradventure that the said land could not be equitably divided in kind among the numerous heirs at law of William T. Gunter, the trial court decreed that the land be sold for division of the proceeds. From that decree the respondents, Maggie Gunter, Jinie Gunter, Janie Gunter and Lela Gunter Singleton have appealed to this court.

The said written instrument, to which we will refer sometimes hereafter as the 1920 written instrument, is set out in the report of the case. It will be observed that the names of S. G. Gunter and Claudie Gunter were affixed to the 1920 written instrument by marks. In the trial below there was some insistence made by the complainants to the effect that William

T. Gunter and S. G. Gunter were not one and the same person, but the trial court did not feel called upon to pass on that question. However, in brief filed here on behalf of appellees, complainants below, is this statement: "The Appellees admit that William T. Gunter, S. G. Gunter, W. T. Gunter, Shib Gunter are one and the same person, etc."

It appears from the written opinion made a part of the trial court's decree that the holding to the effect that the 1920 written instrument was insufficient to pass title to appellants was based in large part on the court's finding that there had been no delivery of the 1920 instrument prior to the death of the said W. T. alias S. G. Gunter. We quote:

"The Court heard the testimony as delivered from the witness stand and has read and reread the transcript of the testimony and is entirely unable to affirm that such deed was delivered to the respondent[s] or to anyone for them during the lifetime of the ancestor Gunter and that therefore the respondents cannot successfully claim to be the sole owners of the property under such instrument.

"While the instrument was written on blank, printed form adapted for warranty deed, and although a determination of the intention of the person executing the same is not necessary for a decision of the case, the Court is of the opinion that the real intention of Mr. Gunter was not to pass the title or any vested interest in the lands in the respondents but that he had in mind a disposition of the lands which would not have any legal significance during his lifetime."

█ Maggie Gunter, Jinie Gunter, Janie Gunter and Lela Singleton, nee Gunter, are named in the 1920 instrument as grantees. They were among the respondents below and were offered as witnesses in their behalf. Under the provisions of § 433, Title 7, Code 1940, they were disqualified to tes-

tify that their father, William T. Gunter, delivered the 1920 written instrument to either of them or to any of the grantees named in the instrument. Money v. Money, 237 Ala. 653, 188 So. 678.

However, we are of the opinion that the trial court erred in sustaining the objections interposed by complainants below to the following questions asked Maggie Gunter by her counsel on direct examination: "When did the deed I hand you, as far as the date goes, first come into your possession? * * * When you had the deed in your possession what did you do with it? * * * Miss Gunter, where did you get the deed and where did it first come into your possession? * * * On or about December 8, 1920, did Mr. A. J. Jones hand you that deed?"

A. J. Jones was the justice of the peace who prepared the 1920 written instrument and who took the acknowledgements thereto. When first examined as a witness in the trial below, he testified that he could not remember to whom he delivered the written instrument after taking the acknowledgements, but when recalled he stated that "according to his best memory" he gave the "deed" to "one of the girls named as grantees" in accordance with the directions of William T. Gunter. However, he did not recall to which of the girls he "gave" or "handed" the "deed."

Likewise, we feel that the trial court erred in sustaining the objections to the following questions asked Lela Gunter Singleton by her counsel on her direct examination: "I show you a deed, Respondent's Exhibit 1, and ask if you have ever seen that Exhibit before? * * * Has this Exhibit ever been in your possession? * * * Did you ever seen this Exhibit here in the possession of any of your sisters?"

The trial court should have permitted Jinie Gunter to answer the following question asked her on direct examination: "Did you ever see your sister, Maggie Gunter, in possession of that deed?"

We think it clear from the record before us that the objections to the questions which we have set out above were sustained on the theory that they called for testimony which was incompetent by virtue of the provisions of § 433, Title 7, Code 1940. We cannot agree. In Napier v. Elliott, 177 Ala. 113, 58 So. 435, 437, Mr. Justice Somerville, writing for the court, observed:

> "Plaintiff was properly permitted to testify to the fact that she had had possession of the deeds, and the time when she got them; this being prima facie evidence of delivery to her by the grantor. And, if with his knowledge and tacit permission, it would be relevant to explain his intention as to delivery. It does not appear that this testimony related in any way to a transaction with her deceased father. It was open to defendants to show such a relation by cross-examination of the witness, whereupon their objection on this ground would doubtless have been appropriate. Morrissett v. Carr, 118 Ala. 585, 23 So. 795. But, on the contrary, it appeared later that she received the deeds from her husband, who had previously received them from the grantor."

See Adams v. Logan, 260 Ala. 346, 70 So.2d 786.

We certainly cannot say that if the excluded evidence had been permitted that the trial court would have concluded, as it did, that the "deed" was not delivered to the respondents or to any one for them during the lifetime of William T. Gunter or that the trial court with that evidence before it would have felt justified in expressing the opinion that "the real intention of Mr. Gunter was not to pass the title or any vested interest in the lands in the respondents but that he had in mind a disposition of the lands which would not

have any legal significance during his lifetime."

In view of the probability of another trial we set out below some of the cases wherein we have discussed the rules for determining whether a written instrument is a deed or a will. Graves v. Wheeler, 180 Ala. 412, 61 So. 341, and cases cited; Smith v. Davis, 199 Ala. 687, 75 So. 22; Craft v. Moon, 201 Ala. 11, 75 So. 302; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Self v. Self, 212 Ala. 512, 103 So. 591; Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259; Wilcoxen v. Owen, 237 Ala. 169, 185 So. 897, 125 A.L.R. 539; Spence v. Spence, 239 Ala. 480, 195 So. 717; Dennis v. West, 248 Ala. 90, 26 So. 2d 263; Wise v. Helms, 252 Ala. 227, 40 So. 2d 700; Kelley v. Sutliff, 262 Ala. 622, 80 So.2d 636.

We also take note of the fact that the granting clause of the 1920 instrument does not contain words of inheritance or other words sufficient to show the granting of any certain or specific estate. However, words of inheritance are included in that which purports to be the habendum clause of a deed and there is nothing in the other parts of the instrument to indicate that a less estate was intended. See § 14, Title 47, Code 1940; Graves v. Wheeler, supra.

In brief filed here on behalf of appellants it is admitted that the dismissal of the first bill filed by some of the appellees was without prejudice. Hence, we see no occasion to deal with the assignment of error which challenges the trial court's action in overruling appellants' plea of res judicata. Equity Rule 75, Code 1940, Tit. 7 Appendix.

Because of the errors noted above, we are of the opinion that the decree of the trial court is due to be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.