# Williams *v.* McKissack.

*Action of Trover.*

1. *Pleading and practice; effect of joinder of issue upon plea.*
Where issue is joined upon a plea filed by the defendant in
bar of the plaintiff's right of recovery and the plea is sus-
tained by proof, the defendant is entitled to a verdict and
judgment in his favor, although the plea, if demurred to, may
have been declared insufficient.

2. *Same; effect of amendment; action of trover.*—An amendment
of the complaint in an action of trover by the addition of a
new count, which introduced no new matter or cause of action,
but merely varies the averments of the original complaint as
to the time of the alleged conversion, relates back to the time
of the institution of the suit, and the statute of limitations
runs against the amended complaint only as to that time.

3. *Action of trover; variance between averment and proof.*—In an
action of trover, where the evidence shows that the conversion
occurred at a time different from that fixed by the complaint,
there is a fatal variance between the averments and proof,
which precludes a recovery upon such complaint.

4. *Same; same.*—In an action of trover, where the complaint con-
tains two counts, and in the first count the property alleged
to have been converted was described as one mule and a two
horse wagon, while in the second count the wagon was not
included, and issue was joined upon a plea filed to both of
the counts, recovery can not be had for the conversion of the
wagon.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. C. RICHARDSON.

On June 24, 1893, R. L. McKissack, as appellee, in-
stituted an action of trover against the appellant, L. D.
Williams. The complaint then filed contained but one
count, which sought to recover $250 damages for the
conversion by the defendant on February 17, 1893, of
"one sorrel mare mule about ten years old; one two-
horse iron axle wagon, the property of plaintiff." To
this complaint the defendant filed two pleas. The first
plea was the general issue, and the second plea set up

as a defense the levy of a writ of attachment upon the property by the defendant in the discharge of his duty as deputy sheriff. A demurrer was subsequently sustained to this second plea. On April 20, 1899, the plaintiff, with the consent of the court, amended his complaint by adding another count thereto, in which he sought to recover the sum of $250 for the conversion by the defendant on December 23, 1892, of "one sorrel mare mule about ten years old, the property of plaintiff." To the amended complaint the defendant pleaded that the cause of action set up in said complaint was barred by the statute of limitations. To each of the counts of the complaint the defendant filed a special plea numbered 3, in which he set up that on December 23, 1893, he was the lawful deputy of the sheriff of Henry county, and in that capacity received on said day a writ of attachment sued out in favor of Voorhees, Miller & Co., against S. J. McKissack, commanding the sheriff to levy upon property of the defendant in attachment to satisfy the claim of the plaintiffs; that upon his attempting to make the levy of the attachment upon the property described in the complaint, the plaintiff in the present action notified the defendant that he had a just claim to said property and that thereupon the defendant refused to make the levy until the plaintiff in the attachment suit indemnified the sheriff on account of said levy; that upon the sheriff being indemnified by the plaintiff in the attachment suit, the said attachment was levied upon said property, which was subsequently sold by the sheriff and the proceeds of said sale applied to the payment of the judgment recovered by the plaintiffs in attachment against said S. J. McKissack. Issue was joined upon the plea of the general issue and the special plea numbered 3.

The testimony for the plaintiff tended to show that the property levied upon under the writ of attachment was the property of the plaintiff, and did not belong to S. J. McKissack; that said writ of attachment was levied upon such property by the defendant in the present suit on December 3, 1892. The plaintiff's evidence fixed the value of the mule at $135 and the value of the wagon at $35 at the time of the levy and seizure.

35

[Williams v. McKissack.]

The plaintiff testified that the mule levied upon by the plaintiff was seven years old at the time of the levy. The defendant then moved the court to exclude all the plaintiff's testimony in respect to the conversion of the mule by the defendant, upon the ground that there was a variance between the pleading and proof, as to the age of said mule. The court overruled the motion and the defendant duly excepted. The evidence for the defendant sustained the averments of the third plea.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the following written charge: "If the jury believe the evidence they will find for the plaintiff for the value of the mule and wagon described in the complaint." To the giving of this charge the plaintiff duly excepted, and also separarately excepted to the court's refusal to give the general affirmative charge requested by him and also the general affirmative charge upon each of the counts of the complaint requested by him.

There were verdict and judgment for the plaintiff assessing his damages at $181.96. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. W. SANDERS and H. A. PEARCE, for appellant, cited *Mohr v. Loeb*, 69 Ala. 180; *King v. Avery*, 37 Ala. 169; *Lunsford v. Scott*, 51 Ala. 557.

R. H. WALKER, *contra.*

SHARPE, J.—This action was begun in June, 1893, by the filing of a complaint containing a single count declaring for the conversion of a mule and wagon occurring in February, 1893. A second count was added to the complaint by amendment made in April, 1899, declaring the conversion of a mule of the same description as that referred to in the original complaint. The evidence was all directed to showing a conversion by the defendant of the mule and wagon on the last named date.

Only those assignments of error which relate to the giving and refusal of charges are here insisted on. To

[Williams v. McKissack.]

dispose of them it would be sufficient to say that the 3d plea, wherein the defendant sought to justify under section 1903 of the Code, was completely proven by the evidence in which there was no conflict and, therefore, the court should have given the general affirmative charge requested by the defendant. The legal sufficiency of the plea is not brought in question by a joinder upon it of issue of fact, and when issue is so taken upon a plea which goes to the whole complaint if the plea is sustained by the proof, the defendant is entitled to a verdict in his favor.

From the identity of the first and second counts in respect of the nature of the action and the description of the mule, it will be presumed *prima facie,* at least, that the conversion declared on in the second count is the same as that for which the suit was originally brought. The effect of the amendment is only to lay the same conversion at different times, and thereby to prevent a variance between the pleading and the proof. The general rule that an amendment which introduces no new matter or cause of action but merely varies averments of the original complaint about matters already in suit, relates to the bringing of the action so that the statute of limitations runs against the amended complaint only to that time.—*King v. Avery,* 37 Ala. 169; *Dowling v. Blackman,* 70 Ala. 303; *L. & N. R. R. Co. v. Woods,* 105 Ala. 561.

In respect of the time of the alleged conversion, variance appears between the evidence and the first count, which is fatal to the right of recovery under that count. To have such a right the plaintiff was bound to prove the time as alleged with certainty.—Andrews' Stephens on Pledges, p. 333.

The wagon was not included in the second count and for that additional reason it should not have been recovered for.

Since it does not affect the result of this appeal, and as the question may be saved by a further amendment of the complaint, we need not consider the effect of the discrepancy in the evidence respecting the age of the mule.

Let the judgment be reversed and the cause remanded.