# Mobile J. & K. C. R. R. Co. v. Bay Shore Lumber Co.

*Damages for Failure to Deliver Lumber.*

(Decided Nov. 19, 1908. Rehearing denied Jan. 14, 1909. 48 South. 377.)

1. *Estoppel; Pleading.*—A plea by a carrier seeking to invoke an estoppel by act or misrepresentation under a custom known to the shipper and prevailing between the parties in the delivery of lumber consigned to the shipper, is insufficient, if it fails to identify the lumber mentioned in the plea with that specified in the complaint.

2. *Same.*—A plea by a carrier alleging that the lumber sued for had been shipped to designated point for sale in the market, that on the arrival of the lumber the shipper delivered to another person engaged in the purchase and sale of lumber an invoice; that on the demand of such person, and on the representation that he had purchased the lumber the same was delivered to him; that the carrier acted on the invoice indicating a sale of the lumber by the shipper to such person and that its action was in accordance with its custom of dealing with the shipper and such other person, which custom was known to the shipper, etc., is sufficiently definite in the averment of the act alleged to have induced the delivery of the lumber on which to base the defense of an estoppel.

3. *Trover and Conversion; Nature of Proof.*—To recover for a conversion one must prove the time alleged, as the averment fixing the date is material.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Bay Shore Lumber Company against the Mobile, Jackson & Kansas City Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint was for the conversation of a lot of lumber, the dimensions of which are set out in the complaint. Plea 2, as originally filed, is as follows:

"That plaintiff shipped over defendant's line of railroad, from some point in the state of Mississippi two cars of lumber to the city of Mobile, in the state of Alabama, said lumber being loaded on cars of the defendant, No. 3212 and No. 242, respectively. and consigned to plaintiff company in Mobile. That said cars of lumber were designated on one freight waybill. Defendant further says that said lumber had been shipped to Mobile for the purpose of selling and disposing of the same in market, and that upon the arrival of said cars in Mobile said plaintiff, by its agents and servants, prepared and delivered to the Lewis Land & Lumber Company, an incorporation engaged in the purchase and sale of lumber in the city of Mobile, an invoice or statement in writing in words and figures as follows:

Mobile, Ala., Nov. 28th, 1906.

Lewis Land & Lbr. Co.
            Mobile, Ala.
Our No. B. D.

To Bay Shore Lumber Co., Dr.
Manufacturers
Yellow Pine Lumber

Order No. 45-G.
Car Nos. 3212 & 242 K. C.
            initial
            Shipped to
            Lewis Land & Lbr. Co.
                        Mobile, Ala.
            c/o Munson S. S. Line.

```
32 pcs 5 x 38_____6089
 53 "  4½ x 5½ x 43_____2040
 49 "  6 x 8 x 43_____8248   16548
 16548 ft. at $35.00_____$579.18
 F. O. B. Mill
```

"And that upon the demand of the said Lewis Land & Lumber company, and upon the representation that it had purchased said lumber upon said cars, the same was delivered to the said Lewis Land & Lumber Company; and defendant says that it acted upon the said invoice or statement, in writing aforesaid, indicating a sale of said lumber by plaintiff to the said Lewis Land & Lumber Company, and that its said action was in accordance with its custom of dealing with said plaintiff and said Lewis Land & Lumber Company, which said custom is known to plaintiff; and defendant further says that defendant's negligent misdirection to it in delivering to said Lewis Land & Lumber Company said invoice or statement hereinabove set out caused defendant to surrender possession of said lumber as aforesaid."

The ninth ground of demurrer to this plea is as follows: "It does not appear, from the invoice or statement set out in the plea, that there was any lumber of the dimensions of that alleged in the complaint to have been converted."

The amended plea 2 is exactly similar to the original plea 2 down through and including the words, "F. O. B. Mill," and, while there is a more extended allegation of the custom, etc., there is no allegation that the lumber delivered to the Lewis Land & Lumber Company was the lumber sought to be recovered as described and set out in the complaint.

The fifteenth ground of demurrer raises the same question as that raised in the demurrer above set out.

McIntosh & Ritch, for appellant. The second and second amended pleas presented a valid defense to the case made by the complaint and the demurrers should have been overruled.—*Robbins, et al. v. Wooten,* 128 Ala. 376; *Kahn v. Peter,* 104 Ala. 528; *Fields v. Killian,* 129 Ala. 375; *Goetter, et al. v. Norman Bros.,* 107 Ala. 586. The invoice was competent as evidence. The court clearly erred in its final judgment. In trover, the time alleged is material and should be proven.—*Williams v. McKissack,* 125 Ala. 544. The evidence clearly shows that the delivery of the property was induced by the appellee.—2 Hutchinson on Carriers, 6678; 4 Elliott on Railroads, sec. 1526.

Inge & Armbrecht, for appellee. Trover lies for the misdelivery or wrongful appropriation of goods by a carrier.—*C. Ry. Co. v. Lampley,* 76 Ala. 367; 6 Cyc. 513. The carrier is liable to the person entitled to receive the goods if it delivers the goods to a person not so entitled. —*A. & T. R. R. Co. v. Kidd,* 35 Ala. 220; 6 Cyc. 472. On the question of delivery and the duty of the carrier as to delivery, see.—5 A. & E. Ency of Law, 191 and 194. Time is not the essence and need not be proven as alleged.—22 Ency P. & P. 611.

McCLELLAN, J.—Plea 2, as originally filed, and as amended after demurrer sustained, sought to invoke, against a recovery by plaintiff in its action for the conversion by defendant of the lumber described in the complaint, in that it was wrongfully delivered by defendant, a common carrier, to the custody of which for transportation to plaintiff it was committed, an estoppel by act or misrepresentation under a custom known to plaintiff and prevailing between these parties in the delivery of lumber consigned to plaintiff at Mobile. The princi-

ple indicated by our statement is, of course, familiar, and is a defense when the facts squaring to the principle —founded as it is in common sense and justice—are specially pleaded and sustained in the proof.—*Jones v. Peebles*, 130 Ala. 269, 30 South. 564; *Goetter v. Norman*, 107 Ala. 586, 19 South. 56; *Turner v. Flinn*, 72 Ala. 532; 16 Cyc. p. 680, subhead 2; Id. p. 681, subheads 7 and 8, and notes. These pleas were respectively subject to the ninth and fifteenth grounds of demurrer, as directed against them, respectively. Both pleas are silent in identification of the material contained in the cars as being that described in the complaint; and this ·point the mentioned grounds of demurrer took. The demurrers were, of course, properly sustained.

Looking to another trial, to which we must remand, we have considered the other grounds of the demurrers to these pleas, and are of the opinion that none of them, save those mentioned before, are well taken. The pleas are sufficiently definite in averment of the action alleged to have induced the surrender of the cars, and, if the material alleged to have been converted was then contained in the cars so delivered, and the averments of fact made are sustained to the requisite degree, the plaintiff cannot recover.—Authorities supra.

The complaint alleges the conversion to have been effected on December 6, 1906. The testimony of the witness Bates, tending to show that the cars were delivered on that day, was on objection excluded by the court, evidently upon the sound ground that the testimony was not only hearsay, but that the record, of the contents of which he proposed to speak, was the best evidence. The only other testimony touching at all the date of the alleged conversion was that of Shaver, who testified that the car (apparently car No. 242) was received by the Lewis Land & Lumber Company on December 13, 1906,

a date different from that designated in the complaint. That such a variance, as indicated, was fatal to a recovery, is expressly decided in *Williams v. McKissack*, 125 Ala. 544, 27 South. 922. No good reason·has been suggested or occurs to us why that ruling should be repudiated. It is in accord with the strictness with which this court has always enforced the principle of conformity of pleadings and proof. The averment fixing the date of the conversion on December 6, 1906, was, in our opinion, material, and, having called the defendant to defend a wrong alleged to have been inflicted on that date only, the consequences of a failure of proof to sustain it, or of a variance in the premises, cannot be now obviated, as the complaint is at present written.

The judgment is reversed, and the cause is remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.

