# Tallassee Falls Mfg. Co. *v.* First National Bank of Alexander City.

## *Trover and Case.*

(Decided April 13, 1909.   49 South. 246.)

1. *Trover and Conversion; Complaint; Failure to Aver Time.*—A complaint in trover which fails to aver the time of the alleged conversion is insufficient and open to demurrer.   (Form 24, page 1199, Code 1907.)

2. *Same; Pleading; Sufficiency of Plea.*—A plea as an answer to an action brought by a mortgagee which alleges that the proceeds of the goods alleged to have been converted, had been applied to a lien upon the goods superior to that of plaintiff, but which fails to allege the ownership of the lien is too indefinite and uncertain and open to demurrer as such.

3. *Same; Title to Sustain.*—In order to sustain an action of trover and conversion the plaintiff must have at the time of the conversion title to the property converted, general or special, and possession, or the immediate right of possession; and where the plaintiff claims under a mortgage on a growing crop by the terms of which the property was to remain with the mortgagor until a specified future date, such plaintiff could not maintain trover where a conversion of the property occurred before that time.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the First National Bank of Alexander City against the Tallassee Falls Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The second count of the complaint is as follows: "Plaintiff further claims of defendant the sum of $150, for that, whereas, the plaintiff held and owned a mortgage executed and delivered to it by W. G. McDaniel, which mortgage covered the entire crop of corn, fodder, cotton, cotton seed, oats, wheat, peas, potatoes, and all other agricultural products grown and raised by the said McDaniel during the year 1905 in Elmore county, Ala. And plaintiff avers that said McDaniel did grow and raise a crop of cotton in Elmore county during said year; that, after the same was so grown and raised, defendant, with full knowledge of the existence of said mortgage, received from said McDaniel four bales of lint cotton of said crop, and converted the same to its own use, without the knowledge and consent of the plaintiff." Demurrers were interposed to this count, because it does not allege the date of the alleged conversion.

Defendant's second plea was as follows: "Defendant says that the proceeds of the cotton alleged to have been converted by the defendant was applied to the payment of a lien upon said cotton, which was a prior lien to any lien plaintiff held upon said property." Demurrers were interposed, and sustained to this plea because it fails to show whether the lien mentioned therein was held by the defendant or a third party.

J. M. CHILTON, LACKEY & BRIDGES, and GEORGE A. SORRELL, for appellant. The 1st and 2nd ground of demurrer to the second count of the complaint should have been sustained.—*Patrick v. DeBardelaben,* 90 Ala. 13; *Ware v. Dudley,* 16 Ala. 742; *Lacey v. Holbrook,* 4 Ala.

88. The date of the conversion should have been alleged.—Section 5384, Code 1907. The court should have given the affirmative charge for the defendant.—*Johnson v. Wilson,* 137 Ala. 468; *Fields v. Copeland,* 121 Ala. 644; *Elmore v. Simon,* 67 Ala. 526; *Holman v. Ketchum,* 45 South. 206. Under the proof, the contract of cultivation falls directly under section 4743, Code 1907, and hence, the mortgagee cannot maintain trover for its conversion.—*Jordan v. Lindsey,* 132 Ala. 567; *Carleton v. Kimbrough,* 150 Ala. 618; *Hendricks v. Clemmons,* 41 South. 306.

BULGER & RYLANCE, and P. O. STEVENS, for appellee. No brief came to the Reporter.

DOWDELL, C. J.—The second count of the complaint failed to aver the time of the alleged conversion. Form 24, p. 1199, Civ. Code 1907; *Mobile, J. & K. C. R. R. Co. v. Bay Shore Lumber Co.,* 158 Ala. 622, 48 South. 377; *Williams v. McKissack,* 125 Ala. 544, 27 South. 922. The demurrer was well taken on this ground, and should have been sustained.

The second plea was indefinite and uncertain in averment as to the ownership of the alleged prior lien, and was therefore open to the demurrer. If the ownership of the lien was in a third person, then the averments of the plea were insufficient, under the authority of *Keith & Son v. Ham,* 89 Ala. 590, 7 South. 234. It is a well-settled principle that, in order to sustain the action of trover, the plaintiff must have at the time of the alleged conversion the right of property; that is, title, general or special, and the possession, or an immediate right of possession.—*Johnson v. Wilson & Co.,* 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52; *Fields v. Copeland,* 121 Ala. 644, 26 South. 491; *Elmore v. Simon,* 67 Ala. 526.

The plaintiff claimed under a mortgage given on a growing crop, or crop to be grown, and by the terms of which the property remained in the mortgagor until the 15th of October, 1905, and until which time there was no right of possession in the plaintiff. The undisputed evidence showed that the alleged conversion took place on the 27th of September, 1905. At this time the plaintiff had no immediate right of possession. On this evidence, being as it was, undisputed, the defendant was entitled to the general charge, as requested in writing and the court erred in its refusal.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.