# Corona Coal & Iron Co., *et al. v.* Bryan. *et al.*

### *Trover and Conversion.*

(Decided June 16, 1910.   Rehearing denied Feb. 16. 1911.
54 South. 522.)

*Trover and Conversion; Complaint; Time.*—In an action for trover and conversion the averment of the precise time of the conversion is unnecessary, it being sufficient to state that it was sometime prior to the commencement of the suit and within the period of limitation.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by Molly Bryan and others against the Corona Coal & Iron Company and others, for trover and conversion. Judgment for plaintiff and defendant appeals. Affirmed.

ERNEST LACEY, and W. C. DAVIS, for appellant. Pleading as to time is too indefinite and uncertain, and the demurrer to the complaint should have been sustained.—*Shields v. Sheffield,* 79 Ala. 94; *Dusenberry's case,* 94 Ala. 413; 6 Enc. P. & P. 255-56.

BANKHEAD & BANKHEAD, for appellee. It is not necessary to aver the time of conversion so long as the complaint states that it was prior to the bringing of the action, and within the period of the statute.—*Russell v. Russell,* 62 Ala. 48; 1 Chitty on Pleadings, 252; *Taylor v. Dwyer,* 129 Ala. 325; 31 Enc. P. & P. 1077.

MAYFIELD, J.—Only one question is involved in this appeal—the sufficiency of the complaint.

[Corona Coal & Iron Co., et al. v. Bryan, et al.]

The action is trover. The complaint is in code form. The only objection urged is that it is "too general, indefinite, and uncertain" as to the time of the conversion. The allegation as to time is: "At different times during the year 1903 subsequent to March 11th thereof, 1904, 1905, and 1906, the exact dates being unknown to plaintiff." This is indeed very general and very indefinite, but it is accompanied with the averment that the exact dates are unknown. It is by no means a model for perspicuity as to allegations of time. It is not so certain as to dates as the arrival of Halley's Comet; but more so than the Judgment Day. Pleadings should be reasonably certain as to time. In actions of trover an averment of the precise time of the conversion is not necessary, but it is necessary to state that it was some time prior to the commencement of the suit and within the statutory limitation in which the action can be brought. At common law it was held that it was not important that the true time of conversion should be alleged in the complaint. 31 Ency. Pl. & Pr. 1077. This court, however, has held that, if a given and certain date is alleged, it must be proven.—*Williams v. McKissack,* 125 Ala. 544, 27 South. 922; *M., J. & K. C. R. R. Co. v. Bay Shore, etc., Co.,* 158 Ala. 622, 48 South. 377.

This being true, and the complaint averring that the exact date was unknown to plaintiff, it is probable that plaintiff could not make the averment more certain as to the time of the conversion without unduly jeopardizing his right to recover, though he unquestionably proved a conversion within the statutory period, but was unable to prove the exact date thereof, whether as alleged or any other date, so that the complaint could be amended in this respect to meet the proof in accordance with the statute allowing such amendments. This action was for

[Baker v. Patterson.]

the conversion of timber taken from wild lands. It is very probable that in such cases the plaintiff will be unable to correctly allege or prove the exact dates of the conversions. The conversion was alleged to have extended over a considerable period of time, and to have been partly committed on divers days. A plaintiff in such cases ought not to be denied his right to recover, because he is unable to allege or prove the exact dates of the conversion. He should be required, however, to allege the time as near as he can, in order to correspond with the proof and not to lead to a variance. Every case must, however, depend upon its own particular facts, as to how definite and certain this averment as to the time of the conversion can be made.

While the averment in this case as to time is very general, and should have been made more certain in this respect, if practicable, we cannot say that the court erred in overruling the demurrer to the complaint on this account.

The judgment is affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.

