(94 South. 189)

**BEARD v. J. B. COLT CO. (8 Div. 987.)**

(Court of Appeals of Alabama. Oct. 24, 1922.)

**Trial ⬚141—Plea sustained by uncontradicted evidence entitled defendant to general charge.**

Where issue was joined on a plea interposed in bar to an action, and defendant's testimony, as a witness for plaintiff, sustained the plea uncontroverted by other evidence, defendant was entitled to the general charge.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in assumpsit by the J. B. Colt Company against A. J. Beard. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

O. D. Street and D. Isbell, both of Guntersville, for appellant.

When the execution of a written instrument is obtained by misrepresentation of its contents, the party defrauded can avoid the effect of his signature, notwithstanding he may have neglected to read the instrument. 6 Mayf. Dig. 409; 152 Ala. 312, 44 South. 390; 104 Ala. 508, 16 South. 522, 53 Am. St. Rep. 77; 108 Ala. 137, 19 South. 14; 117 Ala. 162, 23 South. 682; 110 Miss. 107, 69 South. 670; 196 Ala. 385, 72 South. 8; 16 Ala. App. 445, 78 South. 643. The plaintiff having taken issue on defendant's pleas, and said pleas having been fully proven, the defendant was entitled to the general charge. 126 Ala. 319, 28 South. 590; 5 Mayf. Dig. 757; 120 Ala. 547, 24 South. 936, 74 Am. St. Rep. 48; 110 Ala. 342, 20 South. 114; 137 Ala. 277, 33 South. 888; 125 Ala. 544, 27 South. 922.

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 467.

J. A. Lusk & Son, of Guntersville, for appellee.

To avoid a contract for fraud, defendant must show that he was induced by the fraudulent statement of fact to enter into the contract. 6 Ala. App. 197, 60 South. 495; Code 1907, § 4298.

SAMFORD, J. The complaint is in a single count claiming for goods, wares, and merchandise sold and delivered. The defendant admitted the purchase and receipt of the property, but by way of special plea said:

"(2) That the demand sued on grows out of a certain writing signed by defendant for the purchase of a lighting outfit, and that plaintiff represented to defendant that said writing was not a contract but merely an order for said outfit; that in truth and fact, said writing is a contract, that defendant did not know that said writing was a contract, and did not read same and he was induced by said representation to sign said contract."

There was no objection to this plea by demurrer or otherwise, and issue was joined on this plea and others not necessary here to mention.

The sufficiency of the second plea we do not pass upon; but whether this plea was sufficient or not, issue having been taken on it, and it having been interposed in bar of the actions, if the averments of the plea are sustained by the evidence the defendant would be entitled to a verdict, and, if the evidence bearing on the plea is without conflict, the defendant would be entitled to affirmative instructions to the jury. 5 Mayfield, Dig. p. 758, pars. 124½ and 125; Williams v. McKissack, 125 Ala. 544, 27 South. 922; Brown v. Bamberger, 110 Ala. 342, 20 South. 114. This plea was undoubtedly sustained by the defendant in his testimony while being examined as a witness on behalf of plaintiff and in no way denied by other evidence in the case. This entitled defendant to the general charge as requested, and for the error of the court to give this charge the judgment must be reversed.

The other questions presented will probably not arise on another trial.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.