No. 355

First Circuit

ESTATE OF ARDOIN
OPPOSITION OF CHAPMAN

(December 4, 1928.  Opinion and Decree.)

J. H. Dore, of Ville Platte, attorney for administrator, appellant.

O. E. Guillory, of Ville Platte, attorney for opponent, appellee.

MOUTON, J. Achile Ardoin died leaving a small estate which was sold to pay debts.

The tableau filed by the administrators is opposed by Celestine Chapman, claiming to be a creditor of the estate as housekeeper for the deceased at six dollars per month during eight months, on a promissory note for one hundred dollars with interest, and in the sum of one hundred five dollars for nursing deceased.

Judgment was rendered below for the amount of the note claimed, and for forty-eight dollars for her services as housekeeper, less ten dollars received on account. The foregoing constitutes the sum in contest in this Court.

Opponent, the record shows, was hired as house servant by deceased about ten years before his death which occurred at the age of eighty-six.

It is abundantly shown that she cooked, washed, kept house for deceased, at six dollars per month. She rendered these services during a period of eight months for which the Court allowed her forty-eight dollars, less a payment of ten dollars received by her from Mr. Ardoin. She was a faithful servant, as appears from the evidence, and was certainly entitled to this small sum for her valuable services.

It is shown by two or three witnesses that a year or more before his death Mr. Ardoin stated that he could not continue his payments to opponent.

He executed a promissory note for one hundred dollars in favor of opponent, which was signed by Cleophas Miller and Purdy Fontenot, as witnesses.

Cleophas Miller, a merchant, testifies that deceased said to him that he was owing opponent one hundred dollars, was unable to pay, and wanted to make a note in her favor for that amount in recognition of her services. The note was drawn up by Miller, was signed by deceased, and by Miller, and Fontenot as witnesses.

Opponents contend that the note is dated January 24, 1927, and is made payable January 1, 1927, at a time which preceded its execution. The date of the execution of the note is blurred, and it is difficult to

say whether it was made in January, 1926, or 1927. There can be no doubt that the note was made by deceased for an equitable and pre-existing legal obligation which he desired to perpetuate by written evidence for the benefit of opponent. If it was really dated Jan. 24, 1927, instead of 1926, this was merely the result of inadvertence, or a clerical error which can have no legal significance, and it is of no importance.

The note is valid, and binding on the estate for which judgment was correctly decreed for opponent in addition to the thirty-eight dollars' hereinabove referred to.