## GREAT ATLANTIC & PACIFIC TEA CO. et al. v. CRABTREE.

### 6 Div. 630.

Supreme Court of Alabama.

March 28, 1935.

Rehearing Denied June 6, 1935.

J. L. Drennen, of Birmingham, for appellants.

Taylor & Higgins and Chas. M. Hewitt, all of Birmingham, for appellee.

KNIGHT, Justice.

Suit to recover damages for personal injuries alleged to have been received by the plaintiff, as a proximate consequence of defendants' negligence in selling to plaintiff's wife some meat which was unfit for human consumption, and which plaintiff ate, and as a result thereof was made "sick, sore and ill for a long period of time."

The first and third counts of the complaint charged simple negligence in the sale of the meat, while the third count charged that the plaintiff's said injuries were the proximate consequence of a wanton wrong on the part of the defendants in the sale of the meat.

The defendants demurred to each count of the complaint, but the demurrers were overruled, and the cause was tried upon the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action.

The trial resulted in a verdict for the defendants, but on plaintiff's motion this verdict was set aside by the court and a new trial awarded. From the judgment granting the plaintiff a new trial, the appeal is prosecuted.

The evidence in the case has been carefully examined by us, and we are of the opinion it was sufficient, under the theory upon which the cause was tried, to carry the case to the jury. We are impressed, however, that the verdict was not so opposed to the weight of the evidence as to have justified the court in setting it aside on that ground. This conclusion on our part would lead to a reversal of the judgment were it not for the fact that on the trial the court committed at least two errors of law, which justified the granting of the new trial.

The plaintiff, in his complaint, charged that the defendants sold the meat to the plaintiff's wife "on, to wit, the thirteenth day of September, 1932." In each count of the complaint the time of the sale, as well as the date on which plaintiff received his injuries, were laid under a videlicet.

The office of the phrase "to wit" in pleading is to state time, place, number, or manner, which are not of the essence of the matter in issue, so that they may not be required to be proven strictly as laid. Williams v. Shows, 187 Ala. 132, 65 So. 839; Alexander v. W. O. W., 161 Ala. 561, 49 So. 883; Ray v. Summerlin, 211 Ala. 334, 100 So. 482.

Notwithstanding the date of the sale of the meat, and the date on which plaintiff alleged he received his injuries from eating a portion of the meat, were laid under videlicets, the court at the written request of the defendants gave the jury the following instruction: "The plaintiff charges in this case that his wife purchased meat from defendants on the 13th day of September, 1932, which was unfit for human consumption, and unless each and every juror is reasonably satisfied from the evidence of that fact, then you cannot find verdict against defendants."

In giving this charge the court committed error. The effect of this charge was to instruct the jury that the plaintiff could not recover unless the evidence satisfied the jury that the purchase of the meat was made on the 13th day of September, 1932. In other words, its purpose was to hold plaintiff to strict proof of the date, notwithstanding the same was stated under a videlicet.

The giving of this charge was made plaintiff's seventh ground for a new trial.

The court refused the following charge duly requested in writing by the plaintiff: "I charge you that in his complaint plaintiff alleged that his injury occurred, on to-wit, the 13th day of September, 1932, and that under such an allegation he may prove that the event occurred on or about that date."

In the refusal of this charge the court committed error. Under his pleadings, as above noted, the plaintiff was not held to strict proof of the exact date of the occurrence.

The refusal of this charge was made the sixth ground of plaintiff's motion for a new trial.

The errors pointed out above justified the court in granting the plaintiff a new trial. There were possibly other errors made by the court on the trial of the cause, but doubtless the same will not occur on another trial, and we need not now consider them.

It follows that the court properly granted the plaintiff's motion for a new trial for the errors made by it, as pointed out above.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.