173 So. 894

## GREAT ATLANTIC & PACIFIC TEA CO. et al. v. CRABTREE.

### 6 Div. 990.

Court of Appeals of Alabama.

March 16, 1937.

Rehearing Denied April 20, 1937.

J. L. Drennen, of Birmingham, for appellants.

Taylor & Higgins, of Birmingham, for appellee.

**RICE, Judge.**

Appellant bases its plea for a reversal of the judgment rendered in this case upon the principal—practically, the sole—ground that the trial court erred in refusing to give to the jury, at its request, the general affirmative charge to find in its favor. This, or that the court erred in refusing to grant its motion to set aside the verdict of the jury on the ground same was not supported by the evidence.

The cases cited by the parties, bearing on the question presented, make, indeed, interesting reading—when considered all together. We wonder just how we would decide the question at issue—if it were not that we feel ourselves foreclosed.

But as we view the case, the question(s) has (have) already been decided by the Supreme Court. And we have no alternative but to follow that decision. Code 1923, § 7318.

This is the second appeal in the case. The first was treated, as indicated, by our Supreme Court. Great Atlantic & Pacific Tea Co. et al. v. Crabtree, 230 Ala. 443, 161 So. 508, 509.

We have examined the record on the first appeal, and it is our opinion that the testimony offered on the trial giving rise to it was not essentially different from that offered on the trial here under review. Nor were the issues, nor "theory," changed on the second trial.

So, as the Supreme Court said, say we (Code 1923, § 7318, supra): "The evidence in the case has been carefully examined by us, and we are of the opinion it was sufficient, under the theory upon which the cause was tried, to carry the case to the jury."

If the last next above statement is true —and we dare not dispute it (Code, § 7318, supra)—we are unable to see upon what theory we might say that the trial court

erred in refusing to set aside the verdict of the jury. Said verdict was not opposed to "the great weight of the evidence"—such as the evidence was.

One or two other minor questions are argued here by appellant; but they do not, as we see it, involve prejudicially erroneous rulings; and they seem to require no discussion.

The judgment is affirmed.

Affirmed.