179 So. 371

### ABERCROMBIE v. PELL.

### 7 Div. 498.

Supreme Court of Alabama.

Feb. 24, 1938.

Isbell & Beckford, of Fort Payne, for appellant.

Haralson & Crawford, of Fort Payne, for appellee.

KNIGHT, Justice.

The complaint contained counts ex contractu, that is, four common counts, and a count ex delicto, in trover, for the conversion of a bale of cotton. The amount claimed in each of the common counts was $200, while the amount claimed in the trover count was $100.

In count A, the trover count, there is this averment: "The plaintiff avers that counts one, two, three and amended Count A are all pertaining to the same subject matter and growing out of the same transaction."

The court overruled demurrers to count A, and the cause then proceeded, to trial on three of the common counts, and on count A, resulting in a verdict for the plaintiff for $40, without specifying under which count the verdict was rendered.

Count A was manifestly defective in at least two particulars: First, in not averring the time when the conversion took place; and, second, in not alleging plaintiff's ownership of the property at the time of the alleged conversion.

In action of trover an averment of the exact time of the conversion is not required, but it is necessary to allege the time as nearly as practicable, in order to correspond with the proof and not to lead to a variance. As to how definite and certain the averment of time of the conversion should be made, must depend, in a measure, upon the particular facts of each case. Williams v. McKissack, 125 Ala. 544, 27 So. 922; Mobile J. & K. C. R. R. Co. v. Bay Shore, etc., Co., 158 Ala. 622, 48 So. 377; Corona Coal & Iron Co. et al. v. Bryan et al., 171 Ala. 86, 54 So. 522, Ann.Cas.1913A, 878; Howton v. Mathias, 197 Ala. 457, 73 So. 92; Ballenger v. Ballenger, 205 Ala. 595, 88 So. 826.

In the next place, the count was demurrable in not alleging the ownership by plaintiff of the cotton alleged to have been converted by defendant. Weil Bros. v. Ponder, 127 Ala. 296, 28 So. 656; Snedecor v. Pope, 143 Ala. 275, 39 So. 318.

In overruling the demurrers to count A, there was manifest error, but the appellee insists, however, that it was error without injury or prejudice to the defendant, inasmuch as the verdict may well be referred to the common counts. In some cases this may be done. In support of his contention, the appellee brings to our attention a number of cases, viz.: McClelland v. Coston, 227 Ala. 267, 149 So. 697; Smith et al. v. Summers et ux., 215 Ala. 690, 112 So. 344; Gillis v. White, 214 Ala. 22, 106 So. 166;

Hill's Adm'r v. Nichols, 50 Ala. 336; Espalla v. Wilson, 86 Ala. 487, 5 So. 867; Finney v. Newson, 203 Ala. 191, 82 So. 441.

It will be noticed, however, that each of the above cases was predicated upon contract, and the judgment, as to its effect upon the defendant, and his property rights, would be the same. Not so in this case. Count A was an ex delicto action, and as against a judgment thereon, and on execution issued upon the judgment, the defendant would not be entitled to claim exemptions.

The verdict is silent as to what count it was based on; and the court, proceeding to render judgment on the verdict, did not determine and adjudge upon what count of the complaint it was entered.

The plaintiff, with execution issued and levied under this judgment, might well insist that, as against the judgment, the defendant was not entitled to claim personal property exemption.

The defendant pursued her right in an orderly way to test the sufficiency of count A, and her demurrer was overruled, and the count held sufficient. Now realizing that his count A was insufficient, he, appellee, insists that the doctrine of error without injury should be applied, notwithstanding, in doing so, defendant might be placed in the position of having to litigate with appellee over the right to assert claim to personal property exemptions.

By filing count A, plaintiff gave notice that he had not elected to waive the tort involved in the alleged conversion of the bale of cotton, and this attitude he maintained throughout the trial. There can be no recovery for money had and received, for property converted, unless the plaintiff waives the tort, and sues for money had and received. The plaintiff at no time waived the tort. His present attitude is that of asking the court to do for him what he had refused to do for himself. This the court cannot do.

We hold, therefore, that the court erred in overruling defendant's demurrer to count A, and that the error was prejudicial.

For the error above pointed out, the judgment of the De Kalb county court must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.