51 So.2d 703

## ATCHLEY v. WOOD.

### 8 Div. 905.

Court of Appeals of Alabama.
June 6, 1950.

Rehearing Denied June 27, 1950.

Reversed on Mandate March 27, 1951.

Marion F. Lusk, of Guntersville, for appellant.

Starnes & Starnes, of Guntersville, for appellee.

CARR, Judge.

Owen Atchley sued Ike Wood in one count of a complaint for the conversion of three bales of cotton. The time of the conversion is alleged: "on or about November 1, 1948."

The court gave the general affirmative charge for the defendant.

The evidence fails to establish the time it is claimed the cotton was converted by the defendant.

Many authorities hold that in an action of trover and conversion it is necessary and essential to allege and prove this material element of the cause of action.

■ If the time of the conversion is stated under a videlicet, the proof must correspond to the extent of showing that it occurred on or about that date.

The following authorities are conclusive of the question of instant concern. Abercrombie v. Pell, 235 Ala. 396, 179 So. 371; Corona Coal & Iron Co. et al. v. Bryan et al., 171 Ala. 86, 54 So. 522, Ann.Cas.1913A, 878; Williams v. McKissick, 125 Ala. 544, 27 So. 922; Mobile J. & K. C. R. Co. v. Bay Shore Lumber Co., 158 Ala. 622, 48 So. 377; Kilgore & Son v. Shannon & Co., 6 Ala.App. 537, 60 So. 520.

Section 16, Title 31, Code 1940 provides: "Unless otherwise stipulated, such rent and advances shall become due and payable on the first day of November of the year in which the crop is grown."

Counsel for appellant urges that the provisions of this statute can replace the requirement of the proof of the time of the conversion. No authorities in point are cited.

In the instant case the salient facts are stated in appellant's brief: "The testimony showed that in the Spring of 1948, one Thurston Wood, son of defendant Ike Wood, had rented about eight or nine acres from Mr. Gus Bennett, to be planted in cotton, at a rent of one-fourth, but being offered a job at the bottling plant by Mr. Washington Bennett, son and agent of the land owner, the defendant Ike Wood entered into a verbal agreement with plaintiff that plaintiff was to make the crop, and defendant Ike Wood was to hoe and gather, plaintiff to have one-fourth of the crop, defendant Ike Wood one-half and as aforestated, the landlord one-fourth."

The plaintiff failed to get his share of the crop and hence this suit.

The law relating to the allegation and proof of the time of the conversion is exact and explicit in this nature of a cause of action. By no logical reasoning could it be held that the provisions of the above statute could supply the omitted proof in the case at bar.

The defendant was due the general affirmative charge which was given.

The judgment of the court below is ordered affirmed.

Affirmed.

## On Rehearing.

CARR, Judge.

In brief on application for rehearing counsel for appellant states:

"Frankly, I am puzzled by the apparently summary way in which Your Honors have thus far disposed of appellant's case. I consider as extremely unfair the following statement in the opinion:

"'Counsel for appellant urges that the provisions of this statute can replace the requirement of the proof of the time of the conversion.'

"Now, in truth I did not make any such argument, for it would have been a ridiculous one. What happened is that I did prove a conversion as taking place in the Fall of 1948 at the time of paying the rent, and then and only then did I ask that the presumption be put into operation. It is noticeable that Your Honors' recital of the salient facts does not contain any mention of the proof—and I mean the *undisputed proof*—that the wrongful attitude was revealed and declared *when defendant paid the rent*. This omission shows that Your Honors Did overlook such proof and explains the excerpt indented above."

In our original opinion we copied an excerpt from the facts in appellant's brief. This was done primarily to give a background of the contention of the plaintiff below.

The remaining statement in brief is: "Plaintiff did break and plow the land, using a tractor, planted the crop, and when it failed to make a stand, planted again, plowed it four times and laid it by. De-

fendant Wood hoed and gathered. The crop was three bales and 700 pounds of seed cotton. Defendant sold the entire crop for $670 and paid the rent to Mr. Washington Bennett, declaring at the time that plaintiff was not entitled to anything and when plaintiff demanded his part defendant stated he had paid Mr. Bennett the rent and that was all he was going to pay."

It is evincingly clear that there is no proof establishing the time of the alleged conversion.

Under Proposition of Law Five, appellant's counsel in original brief states: "The time for paying farm rent is November 1 of each year, and as it is presumed in the absence of evidence to the contrary that tenants pay their rent on the date required by law, the time of conversion is shown to have been on November 1, 1948. Code Title 31, Sec. 16; 22 C.J. pp. 104, 105; 31 C.J.S., Evidence, § 150, page 829; 20 Am.Jur. p. 222, Sec. 227."

In the *very* brief argument that follows, counsel does not make any reference in any manner to the doctrine relating to the proof of the time of the conversion. Perhaps it was inaccurate for us to observe that counsel *urges* that the provisions of the statute can replace this required proof.

Counsel now states: " * * * only then did I ask that the presumption be put into operation." By this, we suppose he means a presumption that should arise from the provisions of Section 16, Title 31, Code 1940.

In the case at bar an evidential presumption that the cotton was converted on or before November 1, 1948 (time alleged in complaint) cannot be based on the provisions of this statute.

To be sure, the appellee was not entitled to the general affirmative charge if the evidence afforded a reasonable inference that the time of the conversion was on or about November 1, 1948. However, a reasonable inference to be effective and applicable must have an evidential base from which to flow.

The application for rehearing is overruled.

PER CURIAM.

Reversed and remanded on authority of of Atchley v. Wood, 8 Div. 573, 51 So.2d 705.