51 So.2d 705

## ATCHLEY v. WOOD.
### 8 Div. 573.

Supreme Court of Alabama.
March 1, 1951.

228

Starnes & Starnes, Guntersville, opposed.

FOSTER, Justice.

The question under review is whether the allegation as to time in a count in trover has been sufficiently proven to justify its submission to the jury. The complaint alleges that the conversion occurred "on or about November 1, 1948."

The transaction related to the cultivation of cotton. The owner of the land was to have as rent one-fourth; plaintiff one-fourth; defendant one-half. Plaintiff carried out his part of the agreement. Defendant sold the entire crop undivided for $670, and paid one-fourth of it to the landlord' as rent, declaring that plaintiff was not entitled to anything and refused to pay plaintiff any of the proceeds. This occurred "in the fall of 1948." The opinion of the Court of Appeals is that such evidence does not justify a finding by the jury that this occurred "on or about November 1, 1948", if the jury should so find.

Marion F. Lusk, Guntersville, for petitioner.

The principle is well understood that if a given and certain date is alleged in pleading, it must be proven. Williams v. McKissick, 125 Ala. 544, 27 So. 922; Mobile, J. & K. C. R. R. Co. v. Bay Shore Lumber Co., 158 Ala. 622, 48 So. 377. In those cases there was no *videlicet* nor its

229

equivalent. A *videlicet* means on or about the day specified. J. R. Kilgore & Son v. Shannon & Co., 6 Ala.App. 537(12), 60 So. 520. When it is so alleged, the evidence need not prove the date strictly as laid. Great Atlantic & Pacific Tea Co. v. Crabtree, 230 Ala. 443, 161 So. 508. It shows an express purpose to leave the matter of time uncertain. Central Lumber & Timber Co. v. McClure, 180 Ala. 606, 61 So. 821.

In trover time is not of the essence, and it is only necessary to allege it as nearly as practicable. Abercrombie v. Pell, 235 Ala. 396, 179 So. 371; Corona Coal & Iron Co. v. Bryan, 171 Ala. 86, 54 So. 522.

Where time is alleged under a *videlicet*, the fact that the evidence does not conform to the exact dates alleged does not constitute a variance. Pollack v. Gunter & Gunter, 162 Ala. 317, 50 So. 155.

Applying those principles here, we think the court and jury may take into consideration the well known facts about the maturity of the cotton crop, when it is ready for sale ordinarily, as well as the circumstance that, unless otherwise stipulated, rent is due November 1st of the current year, section 16, Title 31, Code, along with the evidence that this occurred in the fall. The fall of the year is another name for autumn, which occurs, in popular language in America, in September, October and November (Webster). That statute and those circumstances do not fix November 1st as the day when the rent was paid in this instance, but only aids in determining if it was about that date. The jury could find that the allegation of November 1st in the complaint was satisfied if they find that it was in the fall when the rent was paid, and which was payable without express stipulation in November.

We therefore cannot agree with the Court of Appeals that the affirmative charge was properly given by reason of the failure to prove that the conversion took place on or about November 1, 1948.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further consideration.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.