96 So.2d 813

J. J. ELROD and C. L. Colvin

v.

A. G. TRUSSELL, as Administrator, etc.

7 Div. 356.

Supreme Court of Alabama.

Aug. 22, 1957.

Roy D. McCord and L. D. Martin, Gadsden, for appellants.

Robt. H. King, Gadsden, for appellee.

SIMPSON, Justice.

This is an action on a promissory note by A. R. Trussell who died subsequently to the filing of the suit. The suit was revived in the name of his son A. G. Trussell, the

appellee. Judgment was for the plaintiff and defendants have appealed.

The note was signed by J. J. Elrod and C. L. Colvin, the appellants. The court submitted Counts One, Three A and Four to the jury. Count One was substantially in code form and under a videlicet alleged that the note was executed on July 13, 1951, and payable on April 15, 1952. Counts Three A and Four were substantially the same except they alleged, under a videlicet, that the note was executed on July 13, 1951 and that it was due and payable on April 15, 1951.

■ The argument is made that the trial court erred in overruling the defendants' demurrer to these counts because by their allegations they sought to hold the defendants liable individually and jointly. The ruling was correct. The note read "I or we promise to pay" and was signed by both defendants. The defendants are regarded as joint makers and are jointly and severally liable to the payee. Section 21, Title 39, Code of 1940; Robinett v. Murray, 219 Ala. 176, 121 So. 535; Beutel's Brannan Negotiable Instruments Law, pp. 400–401.

■ The argument is also advanced that the trial court erred in overruling the demurrer to counts Three A and Four, because the date of execution of the note is given as July 13, 1951, and the date it was made due and payable was April 15, 1951. Assignments of error also took the point that there was a fatal variance between the allegations and proof in that respect entitling the defendants to a directed verdict. Under well settled principles of law, the note is to be construed as payable on demand. Code of 1940, Title 39, § 11, provides:

"Where an instrument is issued, accepted, or indorsed when overdue, it is as regards the person so issuing, accepting or indorsing it, payable on demand."

This quoted provision of the Negotiable Instruments Law has been interpreted as meaning that if there is any due date on the note other than some date subsequent to the date of execution, the note is payable on demand. Beutel's Brannan Negotiable Instruments Law, § 7, p. 303 et seq. The Louisiana case of In re Ardoin's Estate, 9 La.App. 247, 119 So. 268, held that an instrument dated January 24, 1927 and payable January 1, 1927, was a valid obligation payable on demand.

■ The primary contention of the appellants is that there was a fatal variance between the pleadings and proof because allegedly there was no evidence showing the date of the execution of the note to support the allegation that it was executed on July 13, 1951, and that the note itself failed to state the day and month of its execution, other than the date, 1951. The general rule and applicable here has been thus stated in Nelson v. Cutter Boat & Motor Co., Inc., 260 Ala. 648, 652, 72 So.2d 86, 90:

"(1) If a given and certain date is alleged in pleading, it must be proven, when not laid under a videlicet or its equivalent. Atchley v. Wood, supra [255 Ala. 227, 51 So2d. 705]; Life & Casualty Ins. Co. of Tennessee v. Latham, 255 Ala. 160, 50 So.2d 727.

"(2) When time is not material and is alleged under a videlicet, it need not be proved exactly as laid. Atchley v. Wood, supra; 16 Alabama Digest Pleading, ☞391, p. 200.

"(3) A videlicet will not avoid a variance or dispense with exact proof in an allegation of a material fact. United States Health & Accident Ins. Co. v. Savage, 185 Ala. 232, 64 So. 340; Independent Life Ins. Co., v. Vann, 24 Ala.App. 93, 130 So. 520."

Quite clearly the date of the execution of the note here was not a material matter necessary to be proven. Section 10 of the Negotiable Instruments Law (Code of 1940, Title 39) provides, inter alia, that "The validity and negotiable character of

an instrument are not affected by the fact that: * * * it is not dated; * * *" and § 21 provides that "* * * Where the instrument is not dated, it will be considered to be dated as of the time it was issued." Since there was neither a plea of the statute of limitation nor any other plea properly seeking to take advantage of the lack of a specific date of execution of the note and no interest was figured in the verdict, the date of the note was immaterial resulting that there was no fatal variance between the allegata and probata.

■ Usury was incompletely pleaded and the court properly sustained demurrer to this plea. The defense of usury must be specially pleaded (Bradford v. Daniel, 65 Ala. 133; First National Bank of Opp v. Boles, 231 Ala. 473, 165 So. 586) and the facts which constitute usury must be specifically set forth; the terms and nature of the usurious agreement must be stated. First National Bank of Opp v. Boles, supra; Bernheimer v. Gray, 201 Ala. 462, 78 So. 840; 19 Ala.Dig., Usury, ☞111, p. 145 et seq. Moreover, no interest was figured in the judgment.

■■ Appellants also argue error in the action of the trial court in sustaining demurrer to their plea of accord and satisfaction. A proper plea of accord and satisfaction must aver that the accord was executed or that there was a consideration and acceptance thereof by the plaintiff and that the release was accepted by the payee. Barber v. Martin, 240 Ala. 656, 200 So. 787; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662. Without considering the correctness of the plea in other respects, it failed to allege an acceptance of the accord by the plaintiff.

■ Accord and satisfaction, of course, must be specially pleaded. 2 Ala. Dig., ☞25(1), p. 64; 1 C.J.S. Accord and Satisfaction § 47, p. 550. Since there was no proper plea interposed as a defense, evidence bearing on such an issue was properly excluded by the trial court.

During the course of the trial the witness A. G. Trussell, son of the deceased payee of the note, was asked by his attorney "Now where was it that you saw it—saw this note in your daddy's possession?" The appellants assigned the answer to this question as error to reverse. The court later excluded all of the testimony of this witness as being contra to the "Dead Man's Statute" § 433, Title 7, Code of 1940. Therefore, no error can be predicated on this ruling, the jury having been instructed to disregard it. 2A Ala.Dig., Appeal & Error, ☞1053(1), p. 492. But see Gunter v. Frix, 265 Ala. 576, 93 So.2d 423(2).

■ We entertain the view also that there would be no justification for this court to pronounce error in the refusal of the trial court to grant the motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence. Ala.Dig., supra, ☞ 1003, p. 299.

Appellants have failed to show any prejudical error.

Affirmed.

All the Justices concur, except STAKELY, J., not sitting.