266 So.2d 282

**Sermetto P. McKLEROY**

v.

**DELCHAMPS FOOD STORES,**
a Corporation, etc.

**1 Div. 725.**

Supreme Court of Alabama.

Aug. 24, 1972.

Inge, Twitty, Duffy & Prince, Mobile, for appellee.

William H. Saliba, Mobile, for appellant.

BLOODWORTH, Justice.

This is an action for damages for personal injuries brought by appellant (plaintiff below), Sermetto P. McKleroy, against the appellee (defendant below), Delchamps Food Stores, wherein the trial court granted the defendant's motion to exclude the plaintiff's evidence. Plaintiff appeals.

The plaintiff claims that she was injured as a result of being struck on the arm by defendant's grocery cart while loading groceries in the defendant's parking lot adjacent to the defendant's grocery store, then located at the corner of Saint Anthony and Broad Streets in the City of Mobile.

The complaint, as originally framed, contained an assault and battery count and a negligence count. Defendant's demurrer was sustained to the complaint, as well as to the several amended complaints which followed. Eventually, defendant's demurrer to the last amended complaint was overruled, and the case proceeded to trial on this complaint, which contained three counts.

The case was tried by the court without a jury and, after the plaintiff rested her case, the defendant moved to exclude the plaintiff's evidence. The defendant's motion was granted as to COUNT ONE, assault and battery. The plaintiff agreed "that has to go out." The court announced at this time, "I have a duty to grant his motion" but stated he would take the motion under submission as to the negligence counts, COUNTS TWO and THREE. On February 23, 1972, the court granted the motion as to these counts, and judgment was rendered in favor of the defendant.

Plaintiff's contention on appeal is contained in her first assignment of error, viz:

"1. The Court erred in granting Defendants' motion to exclude made in the following words:

"Mr. Prince: We would move to exclude on the grounds that there is absolutely no evidence to prove the material point of the complaint, that there has been no evidence that this accident occurred on August 1, 1969. Nobody knows when it happened. There is no evidence other than the fact that it happened sometime in 1969. How in the world can you defend against something like that?"

The allegation in the complaint as to the date when the alleged incident occurred was laid under a videlicet, viz: "on, to wit, August 1, 1969."

In her testimony, the plaintiff was unable to testify as to the exact day of the month on which the alleged incident took place, but she did testify that it occurred on a day in August, 1969.

The granting of a motion to exclude the evidence in a civil case is never proper in Alabama, although a trial court will not be put in error for granting the motion, even though procedurally improper, where the plaintiff's evidence does not make out a prima facie case. Tyler v. King, 287 Ala. 162, 165, 249 So.2d 821 (1971); Lawson v. Garrett, 286 Ala. 125, 128, 237 So.2d 648 (1970).

Thus, the question for determination is whether the plaintiff made out a prima facie case. The defendant strenuously asserts that the plaintiff did not make out a prima facie case because she did not prove any day or date on which the accident could have occurred. We must disagree.

The general rule in negligence actions as to whether the exact date of the injury is essential to a statement of a cause of ac-

tion is stated in Rygiel v. Kanengieser, 114 N.J.L. 311, 176 A. 605 (1935):

"The common-law rule is that the statement in pleadings of the real or precise time is not necessary * * * unless time is the very gist of the matter. The statement of the time of committing injuries ex delicto is seldom material; it may be proved to have been committed either on a day anterior or subsequent to that stated in the declaration. Chitty on Pleading, 272, 273, 408, 409. The time is considered in general as forming no material part of the issue, so that one time may be alleged and another proved. Stephen on Pleading, 292. * * *"

See also 61 Am.Jur.2d, Pleading, § 106, p. 538.

Our court has held that, "Where time is alleged under a *videlicet,* the fact that the evidence does not conform to the exact dates alleged does not constitute a variance." Atchley v. Wood, 255 Ala. 227, 229, 51 So.2d 705, 706 (1951).

This court has said that the "office of the phrase 'to wit' in pleading is to state time, place, number, or manner, which are not of the essence of the matter in issue, so that they may not be required to be proven strictly as laid." Great Atlantic & Pacific Tea Co. v. Crabtree, 230 Ala. 443, 444, 161 So. 508, 509 (1935). In that case, the complaint charged defendants sold meat to plaintiff's wife "on, to wit, the thirteenth day of September, 1932." The trial court gave the following instruction for defendants:

"The plaintiff charges in this case that his wife purchased meat from defendants on the 13th day of September, 1932, which was unfit for human consumption, and unless each and every juror is reasonably satisfied from the evidence of that fact, then you cannot find verdict against defendants."

Our court held:

"In giving this charge the court committed error. The effect of this charge was to instruct the jury that the plaintiff could not recover unless the evidence satisfied the jury that the purchase of the meat was made on the 13th day of September, 1932. In other words, its purpose was to hold plaintiff to strict proof of the date, notwithstanding the same was stated under a videlicet."

In the more recent case of Nelson v. Cutter Boat & Motor Co., 260 Ala. 648, 650, 72 So.2d 86, 88 (1954), the question arose in the following context:

"Assignment of error No. 5 is directed to the giving by the court at the instance of the plaintiff of the following charge:

" '7. The Court charges the jury that the Defendants claim damages under their plea No. 2 for the cancellation or termination on or about January 28, 1948, of their written contract with the plaintiff, but if you believe from the evidence that this contract was cancelled or terminated by the Plaintiff on or about May 14, 1947, effective 30 days later, then you cannot find for the defendants under their plea no. 2.'

"There was testimony to the effect that the agreement sued on had been terminated in May, 1947, effective thirty days later by a letter written by the plaintiff and received by the defendants. The following is included in defendants' Plea No. 2: 'And the defendants aver that on or about the 28th day of January, 1948, the plaintiff undertook to cancel and did cancel such contract.' There was also evidence to support this allegation."

This court followed *Atchley,* supra, and *Crabtree,* supra, holding:

"In Atchley v. Wood, 255 Ala. 227, 51 So.2d 705, we held that a videlicet means on or about the day specified and when it is so alleged, the evidence need not prove the date strictly as laid. Here, as in Williams v. Shows, 187 Ala. 132, 65 So. 839, the time when the cause of ac-

tion arose was not of the essence of the defendants' cause of action under their plea of set-off.

\*     \*     \*     \*     \*     \*

"It therefore follows that the cause must be reversed and remanded for the giving of this charge by the court."

On rehearing in Nelson v. Cutter Boat & Motor Co., supra, this court was careful to point out, viz:

"The opinion in this case in no way impairs or qualifies the three fundamental rules applying in cases where this question is involved.

"(1) If a given and certain date is alleged in pleading, it must be proven, when not laid under a videlicet or its equivalent. Atchley v. Wood, supra; Life & Casualty Ins. Co. of Tennessee v. Latham, 255 Ala. 160, 50 So.2d 727.

"(2) When time is not material and is alleged under a videlicet, it need not be proved exactly as laid. Atchley v. Wood, supra; 16 Alabama Digest Pleading, ⊕391, p. 200.

"(3) A videlicet will not avoid a variance or dispense with exact proof in an allegation of a material fact. United States Health & Accident Ins. Co. v. Savage, 168 Ala. 232, 64 So. 340; Independent Life Ins. Co. v. Vann, 24 Ala. App. 93, 130 So. 520."

In an older case, Pollack v. Gunter & Gunter, 162 Ala. 317, 321, 50 So. 155, 156 (1909), one of the counts alleged that the account sued on was stated on January 6, 1906, but the only proof on that subject showed it was stated on the 8th day of August, 1901. The court held:

"The counts allege time after a videlicet. Accordingly there is no merit in the assignments complaining of failure of the proof to conform to the exact dates set down in the complaint. 2 Chitty, p. 90; Carlisle v. Davis, 9 Ala. 858."

Even more in point is May v. Illinois C. R. Co., 129 Tenn. 521, 167 S.W. 477, 480 (1914), where the Supreme Court of Tennessee was confronted with an almost identical factual situation as in the case at bar. In that case the plaintiff alleged under a videlicet that she had been injured by the defendant's engine on or about September 12, 1912. Her testimony only established that she had been injured during the month of September, 1912. She could not be certain as to the day, although to the best of her recollection, it was on the 12th day of the month. The Tennessee Supreme Court held: " \* \* \* a plaintiff may allege in his declaration that the cause of action arose on or about a specified day, as was done in the present case, and may satisfy this averment by proving any date reasonably near the given day \* \* \* ."

■ In the instant case, the plaintiff's allegations of negligence were laid under a videlicet, the date of the accident is not material to her cause of action, and her testimony was that the accident had occurred on a day during the month of August, 1969. Therefore, we must conclude that the testimony of the plaintiff satisfies the averments of her complaint as to time which is laid under the videlicet.

Finally, in brief, defendant contends that nowhere in the testimony is there any evidence of defendant's negligence. This court, in consultation, has examined the relevant portions of the testimony and is of the opinion that the plaintiff did make out a prima facie case as to negligence. We feel that it would be inappropriate if we set out our views of the evidence, in any detail, since the cause will again be before the trial court after reversal and remandment. Of course, the credibility, weight and sufficiency of the evidence is for the trial court.

Hence, it appears that the plaintiff made out a prima facie case as to COUNTS TWO and THREE, and we must conclude that the judgment of the trial court grant-

ing defendant's motion to exclude the evidence as to these counts was erroneous and the judgment for the defendant must be reversed.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, HARWOOD and McCALL, JJ., concur.